# KENT COUNTY.

COVENTRY COMPANY *v.* THE ASSESSORS OF TAXES of the Town of Coventry.

Pub. Stat. R. I. cap. 43, § 6, directs notice to be given by the assessors of taxes requiring "every person or body corporate to bring in to the assessors a true and exact account of all his ratable estate, describing and specifying the value of every parcel of his real and personal estate."

§ 7 provides, "every person bringing any such account shall make oath before some one of the assessors that the account by him exhibited contains, to the best of his knowledge and belief, a true and full account and valuation of all his ratable estate; and whoever neglects or refuses to bring in such account, if overtaxed, shall have no remedy therefor."

Pub. Stat. R. I. cap. 42, §10, provides, "no person shall be liable to taxation on personal property except upon the surplus of the ratable personal estate owned by him over and above his indebtedness."

A corporation rendered an account of its personalty as "no ratable personal estate over and above the actual indebtedness of the company."

*Held*, that the account rendered did not comply with the statute.

*Held*, further, that the company had no remedy against an assessment on its personalty made by the assessors of taxes.

"Ratable," in Pub. Stat. R. I. cap. 43, §§ 6, 7, means "capable of being appraised or assessed."

PETITION to this court under Pub. Stat. R. I. cap. 43, §§ 15, 16, for the return of a tax assessed and collected.

*Providence*, June 2, 1888. STINESS, J. The petitioner, a manufacturing corporation possessed of a considerable amount of personal property, made return to the assessors of taxes as follows : " No ratable personal estate over and above the actual indebtedness of the company." To this petition, which asks judgment for the amount assessed and paid on personal estate as overtaxation, the respondents reply that the return made as above does not comply with the requirement of the statute.

Pub. Stat. R. I. cap. 43, § 6, provides that, before assessing a tax, the assessors shall give a notice requiring "every person or body corporate to bring in to the assessors a true and exact account of all his ratable estate, describing and specifying the value of every parcel of his real and personal estate ;" § 7 is as follows :

" Every person bringing in any such account shall make oath before some one of the assessors that the account by him exhibited contains, to the best of his knowledge and belief, a true and full account and valuation of all his ratable estate; and whoever neglects or refuses to bring in such account, if overtaxed, shall have no remedy therefor."

The petitioner, however, relies on the last proviso contained in Pub. Stat. R. I. cap. 42, § 10, viz. : " Provided, that no person shall be liable to taxation on personal property, except upon the surplus of the ratable personal estate owned by him over and above his indebtedness."

The argument is, that the statute requires an account only of *ratable* estate, and therefore, if the indebtedness equals or exceeds the value of the personal property, there is no liability to taxation for personal estate, and hence there is no *ratable*, because there is no *taxable*, personal estate for which to render an account. The petitioners' claim rests upon the assumption that the word *ratable* in the statute requiring an account is equivalent to the word *taxable*. We do not think the claim is well founded. The word *rate* is used with reference both to a percentage or proportion of taxation and to a valuation of property, *State* v. *Utter*, 34 N. J. Law, 489; and undoubtedly the words *ratable estate* often denote that estate which is to bear its proportion or rate in taxation. But all property, not specially exempt, is liable to taxation. It is therefore liable to be rated or valued, and hence ratable.

In *Darrow* v. *Langdon*, 20 Conn. 288, ratable value was held to be equivalent to appraised or assessed value. In the *Queen* v. *Overseers of Malden*, 10 B. & S. 323, it was said that ratable property means property in its quality and nature capable of being rated ; that is, appraised or assessed. We think the word *ratable* is used in the statute with the same meaning that is given to it by this judicial definition. In this sense it does not relate to property actually taxed, but to that which is in its nature taxable, and which the assessors rate or value in discharging their duty. If it were held to include only that property which should actually be taxed, a person would become the assessor of his own property up to the amount of his indebtedness ; for, not disclosing its character or value, the assessors would generally have no

means of knowing what he possessed, nor whether he had reckoned his property at a fair value. The fullness and particularity of the account required shows that it is to be given for the information of the assessors, to enable them to make a proper assessment. If this be so in the ordinary cases of taxation, we see no reason why it should not also serve that purpose in a case like this. The petitioner argues that if the assessors do not believe the return, like the one before us, to be true, they may assess for personal estate, and then the petitioner must show it to be true by making his disclosure in court. But why should a disclosure be any more required in court than before the assessors? Or why should the assessors be required to take a step in the dark, doubting the return without knowledge, and running the risk of litigation and costs if it be true? We do not think the statute meant to put them in such a dilemma. We therefore decide that the petitioner did not make such a return of personal estate as the statute requires, and, consequently, has no remedy for overtaxation.                                         *Petition dismissed with costs.*

   *Rathbone Gardner*, for petitioner.
   *Dexter B. Potter*, for respondents.