NEW YORK, NEW HAVEN & HARTFORD RAILROAD CO. *vs.* JOHN S. SMITH *et al.*

WASHINGTON—JUNE 11, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A by-law of the plaintiff corporation provides that, "the several officers of the company shall perform such duties as . . . . . may be assigned to them from time to time by the president." The vice-president appointed H. to represent the company before a board of tax assessors and to carry in and make oath to the account of the company's ratable estate required by Pub. Stat. cap. 43, §§ 6, 7, and this appointment was confirmed by the president:—

*Held*, that the by-law was broad enough to authorize the appointment of H. to the duties mentioned, and the confirmation of the vice-president's appointment made it in legal effect the act of the president.

H. carried in and made oath to the account referred to, which account purported to cover the ratable estate of the company located and liable to taxation in the town, but did not separately specify and value every parcel thereof:—

*Held*, that the account was sufficient on demurrer, it not appearing in the petition that the company had other ratable estate than that described in the return.

PETITION FOR RELIEF from overtaxation. Certified from the Common Pleas Division on substantial demurrer to the petition.

MATTESON, C. J. We are of the opinion that section 19 of the by-laws of the New York, New Haven & Hartford Railroad Co., as follows: "The several officials of the company shall perform such duties as are required by the rules and regulations of the company and as may be assigned to them from time to time by the president," is broad enough to authorize the appointment by the president of George W. Hobbs to represent the company before the board of assessors of North

Kingstown, and to carry into that board and make oath to the account of the company's ratable estate required by Pub. Stat. R. I., cap. 43, §§ 6, 7. Though the appointment of Hobbs was by the vice-president of the company, it was approved and confirmed by the president prior to the carrying in and making oath to the account, so that in legal effect it was the same as if the appointment had originally been made by the president.

The second ground of demurrer specified is that the petition shows that the account carried in is not a true and exact account of all the ratable estate of the company, and does not specify the value of every parcel of its real and personal estate as required by § 6. We think that the account is sufficient. It purports to be a true and correct statement of the estate owned by the company located in and liable to taxation in North Kingstown, for the year 1894, and specifies it as :

"Land for 8.04 miles of double track and
    sidings and station grounds, 75 acres,
    at not exceeding $100 per acre . . . . . .   $7,500 00
Improvements, including road bed, rails,
    ties, switches, bridges, fences, towers
    and station buildings for 8.04 miles
    double track and sidings. . . . . , . . . . .  346,000 00
Wood lot . . . . . . . . . . . . . . . . . . . . . . . . . . . .    300 00
                         Total. . . . . . . . . . . . . . . . . . . . . . . .  $353,800 00"

So far as the petition shows the company has no other real estate, and it is not taxed for personal estate. If the company has other real estate not included in the account, it may be shown at the hearing on the petition ; but not appearing in the petition it constitutes no ground of demurrer.

Demurrer overruled, and case remitted to the Common Pleas Division for further proceedings.

*Nathan B. Lewis, James M. Ripley and John Henshaw,* for petitioner.

*David S. Baker and William C. Baker,* for respondents.