John E. Cole, Collector *vs.* The Warwick & Coventry Water Co.

JULY 8, 1913.

Present: Johnson, C. J., Parkhurst, Sweetland, and Vincent, JJ.

*(1)  Taxation.  Evidence.*

In an action to recover a tax, defendant may properly inquire in cross examination as to the authority under which the town clerk called the meeting at which the tax in suit was ordered.

*(2)  Elections.  Financial Town Meetings.*

A financial town meeting was called in accordance with Gen. Laws, 1896, cap. 37, Sec. 6, as amended by Pub. Laws, cap. 781, May, 1900, providing for the calling of a meeting "to transact any business relating to such town"

and requiring the electors "to be notified of the time when and the place where the same is to be holden and of the business proposed to be transacted therein." In neither the request by the town council nor in the warrant was there any statement of the purpose to pass a vote relative to the date of future financial town meetings, but at such meeting a vote was passed that "until further ordered the regular annual financial town meeting shall be held" at a time and place fixed in said vote.

*Held,* that the meeting had no power even under the terms of the call to consider such question and further Gen. Laws, 1896, cap. 37, Sec. 4 provided expressly for the holding of meetings other than annual town meetings for the election of officers.

(*3*) *Elections. Financial Town Meetings. Taxation.*

A financial town meeting not prescribed by law falls within the class of called meetings provided for by Gen. Laws, 1909, cap. 47, Secs. 4, 6, and must be called in accordance with the statutory provisions, and in the absence of a request in writing by the town council or by the required number of electors, there is no authority for the issuing by the town clerk of the warrant calling such meeting, and in such case the electors not being legally assembled a vote ordering a tax is invalid.

(*4*) *Taxation.*

The power of taxation is legislative and cannot be exercised otherwise than under the authority of the legislature, and the power granted to local authorities must be exercised in strict compliance with the statute and any conditions or limitations imposed thereby and such grants as to their nature and extent are construed with strictness and any doubts are given to the taxpayer.

SWEETLAND, J., dissents.

ACTION OF THE CASE to recover a tax. Heard on exceptions of defendant and sustained.

JOHNSON, C. J. This is an action of the case brought by John E. Cole, as collector of taxes for the town of West Greenwich, against The Warwick and Coventry Water Company, a corporation located in Warwick, to recover the sum of eight hundred sixty-six and 90–100 dollars ($866.90), with interest, the same being claimed by the town of West Greenwich as the tax assessed against the said corporation for the year 1910.

The case was tried before a justice of the Superior Court and a jury, at East Greenwich, and on the seventh day of February, A. D. 1912, resulted in a verdict for the plaintiff

for $923.31. The defendant moved for a new trial, which motion was, on March 12, 1912, heard and denied. The defendant duly established the truth of its exceptions and the correctness of the transcript of testimony, by petition to the Supreme Court, the judge who tried the case having died previous to allowing the bill of exceptions, and the case is now before this court upon said bill of exceptions.

The plaintiff introduced in evidence the warrant calling the financial town meeting held on May 16, 1910; also the vote of said meeting, as follows:

"Voted:—That a tax of one dollar on each one hundred dollars of the valuation of the real property in this town, and the personal property belonging to the inhabitants thereof, and other ratable property therein be this day levied. The Board of Assessors shall assess and apportion said taxes on the inhabitants and ratable property in said town as it stands on the second Monday of August, A. D. 1910, at twelve o'clock at noon, according to law, and shall complete, date and sign said assessment roll and deposit it in the office of the Town Clerk on the second Monday of September, A. D. 1910. Said taxes shall be due and payable on the second Monday of November, A. D. 1910, and all taxes not paid on or before January 1st, A. D. 1911, shall bear interest at the rate of six per cent. per annum from said first day of January, A. D. 1911, until paid. Said interest to be collected by the collector and paid into the treasury. Said taxes to be collected and paid into the treasury on or before March 1st, A. D. 1911; and the collector shall proceed to collect all taxes remaining unpaid on said first day of March, A. D. 1911, according to law."

The election and engagement of the assessors of taxes was shown in evidence.

The record of the meeting of the assessors of taxes June 25, 1910, and their organization, the vote at said meeting to meet at Hopkins Hall, Nooseneck, in said town, August 15, 1910, at ten o'clock, and there remain in session until four o'clock P. M. of the same day for the purpose of receiving

accounts of ratable estate from persons and bodies corporate, the vote to assess the taxes on the second Monday in September, 1910, at ten o'clock A. M., at Hopkins Hall, Nooseneck, in said town; the vote that notices thereof be posted; and the posting thereof were shown in evidence.

The record of the meeting of said assessors of taxes August 15, 1910, and of the accounts returned by persons and bodies corporate at said meeting and the adjournment thereof to Monday, September 12, 1910, at ten o'clock A. M., was introduced in evidence. The record of the assessment, the amount of the tax, with the description of the property of the defendant assessed, the return of the tax roll, the election and engagement of John E. Cole as tax collector, the bond of John E. Cole as tax collector, and the approval thereof by the town council and the warrant to said John E. Cole, tax collector, were also introduced.

John E. Cole testified that he acted in the year 1910 as tax collector of the town of West Greenwich, and that the defendant had not paid the tax assessed against it in 1910.

The defendant's first exception is to the refusal of the justice presiding to grant a change of venue. Its second exception is to the ruling of said justice overruling defendant's objection to the impanelling of a jury. Its exceptions 3 to 47, inclusive, are to the admission or rejection of evidence. Exceptions 49 to 54, inclusive, are to the refusal of defendant's requests to charge the jury. Exceptions 55 to 67, inclusive, are to certain portions of the charge to the jury, and exception 68 is to a remark of plaintiff's counsel.

The plaintiff introduced no evidence of the authority under which the town clerk issued the warrant calling the financial town meeting held May 16, 1910, and said warrant contained no recital of such authority.

The plaintiff's counsel argue that a certain vote passed at a prior financial town meeting furnishes the authority for the issue by the town clerk of the warrant calling said meeting. The introduction of said vote was led up to by certain questions by defendant's counsel in cross-examina-

tion of the town clerk, which were ruled out upon the plaintiff's objection.

Defendant's exceptions thereto follow:

The fifth exception is to the ruling sustaining plaintiff's objection to the following question: "148 Q. Why did you issue this warrant?"

The sixth exception is to the ruling sustaining plaintiff's objection to the following question: "149 Q. Was it by virtue of the vote passed at the meeting held June 30, 1904, that you issued that warrant?"

The seventh exception is to the ruling sustaining plaintiff's objection to the following question: "150 Q. Did you issue that warrant because of the vote passed at what purported to be the town meeting of the electors of the town of West Greenwich, qualified to vote on a proposition to impose a tax, held at the residence of Willis A. Carr, in said town, on Thursday, the 30th of June, 1904, at ten o'clock in the forenoon?"

(1) It was proper for the defendant to ask for the authority under which the town clerk called the meeting at which the tax in suit was ordered, and these questions were therefore proper, and their exclusion was erroneous.

The defendant then, still in cross-examination, had the town clerk identify the record of the meeting referred to in said question 150 and asked: "At that meeting was the following vote passed: 'Voted:—That hereafter and until (2) further ordered, the regular annual financial town meeting of this town shall be held on the third Monday in May of each year, at the residence of Willis A. Carr, at Nooseneck Hill, at ten o'clock in the forenoon; and the fiscal year of the town shall hereafter commence on the first day of May in each year and end on the 30th of April following.' Was that vote passed at that meeting? A. That is the record." The defendant also put in evidence, through cross-examination of the town clerk, the records of a vote passed at a special session of the town council of said town June 22, 1904, as follows: "It is unanimously voted that the Town Clerk be,

and he hereby is, requested to call a special meeting of the electors of this town qualified to vote on a proposition to impose a tax, to be holden on the 30th day of June, 1904, at ten o'clock A. M., at the residence of Willis A. Carr, at Nooseneck Hill, in said town, for the purpose of levying a tax authorized by law for defraying the expenses and charges of the town, including the State tax for the current fiscal year, and for the purpose of taking action in regard to the re-assessment of the taxes on the property of the Warwick & Coventry Water Company for the year 1899, in accordance with the provisions of Chapter 944 of the Public Laws, passed November 20th, 1901;" and of the warrant issued by the town clerk calling said meeting, as follows:

"State of Rhode Island and Providence Plantations: County of Kent, Town of West Greenwich.

"To David Robbins, Constable of said town of West Greenwich, greeting:

"You are hereby required, in the name of said State of Rhode Island and Providence Plantations, to warn and give timely notice to the electors of said town qualified to vote on a proposition to impose a tax or to expend money, to meet in town meeting at the residence of Willis A. Carr, at Nooseneck Hill, in said town, on Thursday, 30th day of the present month of June, to wit, June 30th, A. D. 1904, at ten o'clock in the forenoon, for the purpose of levying a tax on the inhabitants and ratable property in said town to defray charges and expenses of said town, including the State tax, and to make any appropriations which may be deemed necessary for the current fiscal year; and also to take action on the re-assessment of the property of the Warwick & Coventry Water Company for the year 1899, under a provision of Chapter 944 of the Public Laws, passed November 20th, 1901; and to transact any other business that may lawfully come before said meeting by posting at least seven days before the said Thursday, 30th day of June, A. D. 1904, written notifications of said meeting in three or more public places in said town of the place where and the time when

said meeting is to be holden, and of the business required by law to be transacted therein.    Hereof fail not, and make true return of this warrant with your doings thereon.

"Given under my hand in West Greenwich, aforesaid, this 22nd of June, A. D. 1904.

"John A. Bates, Town Clerk."

Return of this warrant made by the officer serving the same was also shown.

The plaintiff claims that the vote in question amounts to a by-law adopted by all of the property electors of said town, whereby they agreed and bound themselves to hold an annual financial town meeting thereafter in said town on the third Monday in May.

Said financial town meeting on June 30th, 1904, appears to have been called in accordance with the statute then in force, Gen. Laws, 1896, cap. 37, § 6, as amended by Pub. Laws, cap. 781, May 1900, which is the same as Gen. Laws, 1909, cap. 47, § 6.   In neither the request by the town council nor in the warrant issued by the town clerk, is there any statement of the purpose to pass any vote relative to the date of future financial town meetings.   Said Section 6 as amended provided for a request for the calling of a town meeting "to transact any business relating to such town" and required the electors "to be notified of the time when and the place where the same is to be holden, and of the business proposed to be transacted therein."

The meeting in question had no power therefore, even under the terms of the call, to consider such a question. Further, the statute Gen. Laws, 1896, cap. 37, § 1, provided for an annual town meeting for the election of such officers as are or may be by law required.   Section 2 provided that such meetings shall be held at such time as is or may be by by-law or vote provided, unless otherwise directed by law. Section 4 provided that "Town meetings other than said annual meetings, shall be held at such times as are, or may be, by the constitution or by law required, or may be called in

the manner hereinafter provided." Then followed provisions for called meetings.

The annual town meeting for the election of town officers was therefore in 1904, as it is now, the only town meeting, the date of holding which could be fixed by by-law or by vote. The statute clearly excluded the fixing by by-law or vote of the time of holding such meetings other than the annual town meeting for the election of officers. The vote in question therefore furnished no basis for the call for the financial town meeting held May 16, 1910.

Defendant's forty-eighth exception is to the ruling of the justice of the Superior Court denying the motion of defendant's counsel for the direction of a verdict for the defendant. If it should appear on the evidence that this motion ought to have been granted, consideration of defendant's other exceptions would not be necessary. We will therefore consider said forty-eighth exception.

The defendant contends that the tax was not lawfully ordered for the reason that the meeting was not legally called.

General Laws, 1909, cap. 47, § 1, provides: "A town meeting shall be annually held in each town, for the election of such town officers as are or may be by law required." Section 2 provides: "Such meetings shall be held at such time as is or may be by by-law or vote provided, unless otherwise directed by law." Section 4 of said chapter provides: "Town meetings, other than said annual meetings, shall be held at such times as are, or may be, by the constitution or by law required, or may be called in the manner hereinafter provided." Section 5 provides: "Town clerks shall cause the electors of their respective towns to be notified of every town meeting which shall be prescribed by law, and also of all other town meetings which shall be legally called." Section 6 of said chapter provides: "Whenever the town council, or whenever seven of the electors of any town consisting of less than three thousand inhabitants, or five per cent. of the electors of any town consisting of more

than that number, shall make a request in writing for the calling of a town meeting to transact any business relating to such town in respect of which they shall have a right to vote, and direct the same to the town clerk, such town clerk shall cause the electors to be notified of the time when and the place where the same is to be holden, and of the business proposed to be transacted therein." There is no town meeting prescribed by law for the transaction of town business in West Greenwich except a town meeting holden under said cap. 47, § 1, for the election of town officers. The General Assembly has designated the manner in which each kind of town meeting shall be called. A financial town meeting therefore not prescribed by law, falls within the class of called meetings, and must be called in the manner prescribed by the statute for calling such meetings. By Gen. Laws, 1909, cap. 47, § 6, a request in writing by the town council, or by seven of the electors of any town consisting of less than three thousand inhabitants or by five per cent. of the electors of any town consisting of more than that number, is made a condition precedent to the issue of a warrant by the town clerk calling such meeting. In this case no such request is shown in evidence. There is therefore no authority shown for the issue by the town clerk of the warrant calling the meeting.

(4) That the power of taxation is legislative and cannot be exercised otherwise than under the authority of the legislature is too well settled to require more than passing mention. In 37 Cyc. 724, 725, however, it is thus stated: "The power to impose taxes is vested exclusively in the legislative department of government, and cannot be exercised except in pursuance of its authority; neither the courts nor the executive possess any powers of taxation, this being solely the function of the legislature. And further, subject to the general and constitutional limitations of state power in this respect, the legislature alone has the right and the discretion to determine the time, nature, and purposes of the taxes to be levied, and the means of enforcing their payment. And no tax of any kind can be laid upon the citizen or his

property save in pursuance of a positive law, nor in any other manner than in accordance with its provisions.

"It is not competent for the legislature to delegate its power of taxation, wholly or in part, to either of the other departments of government, or to any individual, private corporation, officer, board, or commission. An exception exists in the case of the municipal corporations of the State, to which the legislature may lawfully delegate the power of taxation so far as necessary for their own purposes and in respect to property within their jurisdiction, provided the purpose is a public one. But even in this case the power must be expressly and distinctly granted, and must be exercised in strict conformity to the terms of the grant; and the municipality cannot delegate to an administrative officer or board the authority to determine when, to what extent, or for what purposes taxes shall be laid."

Speaking of the requisites and validity of the levy, in general, 37 Cyc. 971, says: "Although it has been held that no tax can be sustained as valid unless it is levied in accordance with the letter of the statute, as a general rule the forms, methods, and various steps which the statute requires to be performed before the owners of property are properly chargeable with the tax, such as the filing of a petition for a levy, an order for the submission of the question to popular vote, the making of a previous estimate of the necessary or probable expenses of the municipality, and notice to taxpayers of the meeting of the board which is to levy the tax are conditions precedent to the validity of the tax and must be at least substantially followed in all material particulars; and a failure substantially to comply with the statutory requirements is a fatal omission invalidating the tax, although a formal levy is not required, and mere irregularities or informalities will not invalidate the tax. If the statutory provisions relating to a levy have for their object the protection of the taxpayer against spoliation or excessive taxation, they are mandatory and must be followed; but if the requirements prescribed by the statute are designed for the

information of assessors and other officers, and intended to promote despatch, method, system, and uniformity in the mode of proceeding, they are merely directory, and a failure to comply with such requirements does not invalidate the levy; and this is also true of clerical and ministerial duties, the observance or non-observance of which do not injuriously affect the taxpayer."

Speaking of the powers of counties and other local authorities in general, 37 Cyc. 966, says: "The local authorities of counties and other municipalities are generally invested by law with power to levy such taxes as are necessary for their proper expenses, and such a grant of authority is not unconstitutional. But such power must be express and not merely implied, and must be exercised in strict compliance with the statute, and any conditions or limitations imposed thereby, and such grants, as to their nature and extent, are construed with strictness, any doubts therein being given to the taxpayer."

In the case at bar the evidence does not show that the financial town meeting of May 16, 1910, was lawfully called. The electors were therefore not legally assembled, and the vote ordering the tax was invalid. The ruling of the justice of the Superior Court, therefore, at the trial of said action, denying the defendant's motion for the direction of a verdict for the defendant was erroneous.

Defendant's fifth, sixth, seventh and forty-eighth exceptions are sustained.

The plaintiff may appear on Friday, the eleventh day of July, 1913, at ten o'clock A. M., and show cause why the case should not be remitted to the Superior Court for Kent County, with direction that judgment be entered for the defendant.

Sweetland, J., dissents.

*Quinn & Kernan*, for plaintiff.
*Waterman & Greenlaw*, for defendant.
*Charles E. Tilley*, of counsel.