HENRY L. BURDICK and EVERETT A. KINGSLEY *vs.* JAMES M. PENDLETON, Collector of Taxes of the Town of Westerly.

JULY 2, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, and Rathbun, JJ.

VINCENT, J. This is a bill of complaint brought by Henry L. Burdick and Everett A. Kingsley of the town of Westerly, in behalf of themselves and all others having a common interest in the subject matter of the suit, against James M. Pendleton in his capacity as Collector of Taxes of said town and against the town of Westerly. The bill prays for an injunction restraining the said James M. Pendleton, as Collector of Taxes, from collecting a tax assessed upon the property of the complainants and others similarly situated.

The case is before us upon an agreed statement of facts, having been certified to this court by the Superior Court for Washington county.

The complainants, in their brief, set forth questions which are raised by the agreed statement of facts. First: Can the following classes of property within said first drainage district be taxed under Section 14 of Chapter 1449 of the Public Laws of 1916: (1) Real estate not abutting on a sewer? (2) Tangible personal property? (3) Intangible personal property? Second: Did the action of said town council in fixing the rate of said Sewer Tax of 1923 instead of the *pro rata* amount by it found reasonable and necessary, as provided by said Section 14, invalidate the tax? Third: Is the tax assessed under said Section 14 illegal for want of specific notice?

The complainants state in their brief that they are not attacking the constitutionality of said Chapter 1449, Public Laws 1916 or any part thereof, but are attacking the action taken under Section 14 thereof by the constituted authorities of said town of Westerly, (a) in assessing property that is not ratable in the sense of being assessable for sewer purposes:

(b) in improperly ordering the assessment and (c) in not giving specific notice of the assessment.

By Sec. 14, Chap. 1449, Public Laws 1916, being "An act establishing a first drainage district in the town of Westerly and providing for the construction, installation and maintenance of a system of public drains or sewers in said district" it is provided that: "The assessors of taxes of said town shall each year assess against the ratable property within said drainage district such *pro rata* amount as said town council by ordinance shall find reasonable and necessary to provide for the cost of operating said drains and sewers within said district, the interest charges on all indebtedness incurred by the town for the purpose of constructing and maintaining said drains and sewers, and also suitable sums from year to year to provide for the payment in instalments by way of sinking fund or otherwise for so much of the cost of constructing said sewers as is not paid by assessments upon abutting estates . . ."

In the present case, the assessors of taxes of the town of Westerly, acting under the foregoing provisions, assessed a tax against those residing within said district upon their real estate and upon their personal property both tangible and intangible. The tax thus imposed was designed to cover (1) The cost of operating said drains and sewers. (2) Interest charges on all indebtedness incurred in construction and maintenance and (3) The establishment of a sinking fund.

The legislature has seen fit to endow the assessors with the power to "assess against the ratable property within said drainage district such *pro rata* amount as said town council by ordinance shall find reasonable" &c., and to provide that "the amount so assessed from year to year against the ratable property in said drainage district shall be a lien upon the property against which the same is assessed . . ." This being so we must first ascertain what is included in "ratable property."

In *Coventry Company* v. *Assessors of Taxes*, 16 R. I. 240, this court said: "The word *rate* is used with reference both

to a percentage or proportion of taxation and to a valuation of property, *State* v. *Utter*, 34 N. J. Law 489, and undoubtedly the words *ratable estate* often denote that estate which is to bear its proportion or rate in taxation. But all property, not especially exempt, is liable to taxation. It is therefore liable to be rated or valued, and hence ratable." Further on in its opinion the court adopts the definition of ratable property as given in *Queen* v. *Overseers of Malden,* 10 B. & S. 323, that "ratable property means property in its quality and nature capable of being rated; that is, appraised or assessed."

Assessments upon abutting estates are provided for in Section 8 of the same act. These assessments must be made upon all estates abutting upon that portion of any street or highway in which any such sewer or main drain shall be located, and upon such estates as may be given a right of entrance to such sewers or main drains. These assessments are to be applied toward the cost of construction. The balance of the construction cost is provided for in the tax authorized under Section 14. This tax as prescribed by said Section 14 must be assessed against the "ratable property" of the district which, as we have already said, includes property "in its quality and nature capable of being rated; that is, appraised or assessed."

We think that, under the act, Public Laws 1916, Chapter 1449, the assessors were empowered to include as ratable property, subject to the special sewer tax, real estate, and both tangible and intangible personal property within the drainage district.

Another claim of the complainants is that the action of the town council in ordering the assessment of a tax at a fixed rate instead of finding the amount reasonable and necessary to be assessed by the assessors on a *pro rata* basis is a departure from the plain provisions of Section 14 and renders the tax, so ordered, invalid. We do not see any merit in this contention. It appears from the agreed statement of facts that the town council found by resolution that

the sum of $13,500 was reasonable and necessary to provide for the operation and maintenance of drains and sewers within the district and that such estimate was based on figures furnished by the Board of Water Commissioners. To obtain this sum of $13,500 the assessors assessed and apportioned a tax of fifteen cents on each one hundred dollars of the ratable real and personal property located in the drainage district which amounted to $13,369.69. It would be difficult and perhaps impracticable to fix upon a percentage that would give the exact amount of $13,500. We think that the method employed by the town council in ascertaining the amount necessary and fixing a percentage which would practically yield the required sum was a substantial compliance with the provisions of the act.

The final contention of the complainants is that inasmuch as no specific notice of the assessment of a sewer tax was given to the taxpayers such assessment was illegal and void.

The respondents do not claim that any specific notice of a sewer tax was given to the taxpayers, against whom the special tax was assessed, but that having had notice of the time when the assessors would assess all the ratable property in the district, such notice, although it related to the general town tax, served as a sufficient notice of the sewer tax, both taxes having been assessed on the same day.

We do not think that a notice of the assessment of a general town tax can be stretched to that extent. It is readily conceivable that a taxpayer might desire to appear before the assessors in the matter of the sewer tax but might not care to do so with reference to the general tax, and if he was without notice that a sewer tax was to be assessed he might be deprived of a right to which he was clearly entitled.

Hamilton on the Law of Special Assessments, Section 141, says: "The authorities are practically unanimous in the adoption of the general principle that notice to the property owner, and an opportunity to be heard at some stage of the proceedings are necessary steps in a proceeding which seeks to charge property with a special assessment."

Our statute requires that the assessors before assessing "any" tax shall notify the taxpayers, by posting notices and advertising in some newspaper if any there be in the town, of the time and place of their meeting, &c., General Laws 1923, Section 827. In the present case the assessors were called upon to assess two taxes, one a general town tax, and the other a special sewer tax. They gave notice as to the one and they failed to give any notice as to the other.

The form of the questions propounded to us has been agreed upon by the parties complainant and respondent and is comprehended in the agreed statement of facts. These questions are already set forth in this opinion and need not be here repeated.

We answer the first question: That all three classes of property mentioned may be taxed, including real estate, tangible and intangible personal property. To the second question we answer: No. To the third question we answer: Yes.

The papers in the case will be remitted to the Superior Court within and for the county of Washington with our determination of the questions certified thereon.

*Henry L. Burdick, Everett A. Kingsley, pro se* for complainants.

*John Ferguson, Jr.,* for respondents.