Anne Ashton Ewing *vs.* Tax Assessors of the Town
of Jamestown.

DECEMBER 5, 1961.

Present: Condon, C. J., Roberts, Paolino and Powers, JJ.

PAOLINO, J. This is a petition for relief from alleged overvaluation of the petitioner's real estate by the assessors of taxes of the town of Jamestown for the tax assessed on December 31, 1958. It was brought under the provisions of G. L. 1956, §44-5-26, and is based on the petitioner's allegation that she has duly filed an account of her ratable estate with the assessors in compliance with the requirements of §44-5-15. The case was heard before a justice of the superior court sitting with a jury and resulted in a verdict favorable to the petitioner.

The case is before this court on respondents' exceptions to the denial of their motion to dismiss the petition on jurisdictional grounds, to certain evidentiary rulings, to the denial of their motion for a new trial and to certain rulings relating to the charge to the jury.

Under exception 1 respondents contend that the trial justice erred in admitting in evidence the account filed by petitioner and under exception 2 they contend that his denial of their motion to dismiss the petition was also error. They base both exceptions on the ground that the account filed does not comply with the jurisdictional requirements of §§44-5-15, 16 and 26, and that therefore the superior court had no jurisdiction to grant relief under the remedy granted in §44-5-26.

Before discussing the evidence which relates to the issues raised by respondents under these exceptions, it may be helpful to point out that petitioner is attacking only the assessment on her real estate. She is not disputing the assessment on her tangible personal property. On April 3, 1959 she filed with the assessors an account which contained the following statement:

"The following is a true and complete account and statement of all the property and estate, both real and personal, belonging to Anne A. Ewing on December 31, 1958, and subject to local taxation in the Town of Jamestown, Rhode Island * * *."

Under the heading of real estate she described the several parcels owned by her and specified the value of each as well as the value of the buildings and improvements on two of the parcels. The respondents do not question the adequacy of her statement relating to the real estate, but they do question the legality of the statements in the account relating to her tangible and intangible personal property. With respect to the tangible personal property in Jamestown owned by her, the account contains only the following general statement:

"Value
"Household furniture in excess of $300.00     $5,775."

And with respect to intangible personal property the account contains merely the statement "Not taxable."

The fundamental question raised by respondents is whether the account filed by petitioner complies with the pertinent statutory requirements. Section 44-5-15 requires the assessors to give certain notices and further provides that: "Such notices shall require every person * * * liable to taxation to bring in to the assessors * * * a true and exact account of all the ratable estate owned or possessed by him * * * describing and specifying the value of every parcel of such real and personal estate * * *."

With respect to the tangible personal property, the narrow issue before us is whether the statement in the account relating to the household furniture is "a true and exact account * * * describing and specifying the value of every parcel of such * * * personal estate" within the meaning of §44-5-15. The purpose of requiring a true and exact account describing and specifying the value of every parcel of a taxpayer's ratable estate is to aid the assessors in performing their duty to make a proper assessment. *Coventry Co.* v. *Assessors of Taxes*, 16 R. I. 240, 242. In *Clarke* v. *Tinkham*, 20 R. I. 790, the court held that the statement "goods, chattels, wares, and merchandise, 3384 dollars" was not a compliance with the statute because it did not set forth the separate parcels of which the goods, chattels, wares and merchandise were composed.

In our opinion the decision in *Clarke* v. *Tinkham, supra,* applies to the facts of the instant case. Section 44-5-15 requires reasonable compliance with all of its provisions. The general statement of petitioner with respect to her household furniture, without any further description and valuation, is not, in our opinion, a reasonable compliance. Such generality is no aid to the assessors in making a proper return.

The question remains whether such noncompliance deprives petitioner of the remedy provided by §44-5-26. It is pertinent to point out here that at the hearing in the superior court, petitioner conceded that the instant petition was based on the account which she filed with the assessors. The account required under §44-5-15 means one which reasonably complies with the provisions of said section. Section 44-5-16 requires every person filing such account to make oath that the account filed contains, to the best of his knowledge and belief, a true and full account and valuation of all the ratable estate owned or possessed by him. This section further provides that "whoever neglects or

refuses to bring in such account, if overtaxed, shall have no remedy therefor * * *."

As we have already stated the instant petition was based on the account in question and was brought under the provisions of §44-5-26 permitting petitioner to bring such petition and authorizing the superior court to hear the same. But that section also provides as follows: "Provided, however, that in case such person has not filed an account, he shall not have the benefit of the remedy provided in this section * * *."

The remedy, which is purely statutory, is granted only to those taxpayers who file an account which reasonably complies with the requirements of §§44-5-15 and 16. In the absence of such compliance the taxpayer is not entitled to the remedy and the superior court is without jurisdiction to grant relief. Furthermore, lack of such compliance affects jurisdiction of the subject matter of the petition and therefore can be raised at any stage of the proceeding. Consequently respondents' motion to dismiss was proper, even if we assume that their plea did not expressly challenge the adequacy of the account. For these reasons it is our opinion that the rulings of the trial justice admitting the account in evidence and denying the motion to dismiss the petition constituted reversible error.

Our holding with respect to the item of the household furniture is decisive of the instant petition and it is not therefore necessary to consider respondents' remaining contentions. However, it might be helpful to point out that there is merit in their contention that the mere statement "Not taxable" with reference to the item of intangible personal property is not a compliance with the statute.

The statute requires an account of all of a taxpayer's *ratable* property, whether it is taxable or not. See *Coventry Co.* v. *Assessors of Taxes, supra,* where the court said at page 241:

"In the *Queen* v. *Overseers of Malden,* 10 B. & S. 323, it was said that ratable property means property in its quality and nature capable of being rated; that is, appraised or assessed. We think the word *ratable* is used in the statute with the same meaning that is given to it by this judicial definition. In this sense it does not relate to property actually taxed, but to that which is in its nature taxable, and which the assessors rate or value in discharging their duty."

It may very well be that petitioner's ratable intangible personal property is not taxable in the town of Jamestown, but that determination is for the assessors to make on the basis of information furnished by the taxpayer in the account.

We have carefully read *New York, N. H. & H. R.R.* v. *Smith,* 20 R. I. 134, cited by the petitioner. It is clearly distinguishable on its facts from the instant case and does not therefore help her. Nor is there any legal significance to the fact that the assessment of her tangible personal property was not in dispute. The statute requires a true and exact account and valuation of *all* of a taxpayer's ratable estate and does not, directly or otherwise, relieve him from the duty of reasonably complying with such requirements.

The respondents' exceptions Nos. 1 and 2 are sustained. On December 13, 1961, the petitioner may appear before this court to show cause, if any she has, why the case should not be remitted to the superior court for entry of judgment for the respondents.

### SHOW CAUSE HEARING.

#### DECEMBER 29, 1961.

PER CURIAM. In the above-entitled case, pursuant to our opinion heretofore filed, the petitioner through her attorney appeared to show cause why the case should not be remitted to the superior court with direction to enter judgment for the respondents. At that time she presented reasons orally in support of her contention that the verdict should not be disturbed.

Upon consideration we are of the opinion that no sufficient cause has been shown to change our conclusions. The case is therefore remitted to the superior court for entry of judgment for the respondents as directed.

*Sheffield & Harvey, J. Russell Haire,* for petitioner.

*Letts & Quinn, Daniel J. Murray,* Town Solicitor, for respondents.