234 A.2d 840.

ANNE ASHTON EWING *vs.* LAURENCE C. FRANK *et al.,*
*Board of Tax Assessors.*

NOVEMBER 9, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This statutory petition for relief from a tax allegedly overassessed on December 31, 1965, against the plaintiff's real estate was brought in the superior court pursuant to G. L. 1956, §44-5-26, against the tax assessors for the town of Jamestown. The defendants filed a motion to dismiss, supported by affidavits, claiming a lack of jurisdiction and failure to state a claim under rule 12(b) of the rules of civil procedure of the superior court. It is before us on the plaintiff's appeal from a decision of that court which granted the defendant assessors' motion to dismiss for lack of jurisdiction.

Before proceeding further, we wish to point out a technical error of procedure in the hearing of defendants' motion to dismiss. It appears from the record that the motion was described and treated by the trial justice as one under rule 12(b) exclusively. However, when parties sub-

mit material dehors the pleading in support of or opposition to a motion to dismiss under rule 12(b) where the jurisdiction of the court to hear the matter is questioned, and such extraneous matters are considered by the court, all of which occurred in this case, the motion is automatically transformed into one for a summary judgment under rule 56. 1A Barron & Holtzoff, §349, p. 301; 12(b) R. I. C. P. In such cases, regardless of how the motion is denominated, we shall treat it as one for summary judgment. We do so here.

It is clear from an examination of the record that plaintiff contests only the assessment made on her real estate. She does not take issue with the assessment on her tangible personal property. The assessors concede that they made no assessment on her intangible property. A sworn statement which purported to be a full, true and exact account of all plaintiff's property was seasonably filed with the assessors.

In their challenge to the superior court's jurisdiction, the assessors do not question the adequacy or accuracy of plaintiff's account as it pertains to her real estate. They do, however, contend that those segments of the account which refer to plaintiff's tangible and intangible personal property failed to satisfy the statutory requirements for the filing of this document as those conditions were originally delineated in *Ewing* v. *Tax Assessors,* 93 R. I. 372, 176 A.2d 69, and affirmed in *Sayles Finishing Plants, Inc.* v. *Toomey,* 95 R. I. 471, 188 A.2d 91. In construing the pertinent legislation, we ruled in those two cases that a taxpayer was required to file a reasonably adequate account of all his ratable property as a condition precedent to bringing a suit for relief from an alleged overassessment. If such an account was not filed, the superior court lacked jurisdiction to entertain the taxpayer's petition.

Attached to the motion to dismiss filed in the instant case

was a copy of plaintiff's account. The particular portion of the account which the assessors deemed insufficient reads as follows:

"Tangible Personal Property          Value

"Tangible personal property located on the premises herein before described, as listed in the Inventory filed in the Probate Court of the Town of Jamestown, Rhode Island, in the Estate of Mary L. H. Ashton, which is incorporated herein and made a part hereof, at the value of every parcel of personal estate as set forth therein.                                    $6,325."

"Intangible Personal Property

"I, Anne A. Ewing, further on oath depose and say that I am a resident of Valley Forge, in the County of Chester, Commonwealth of Pennsylvania; that I am not now nor have I ever been a resident of said Town of Jamestown; that the intangible personal property owned or possessed by me is not ratable in the Town of Jamestown and has no legal situs therein, nor is it taxable to me, a non-resident of said town; that to require me, a non-resident of said Town of Jamestown and the State of Rhode Island, to file an account setting forth the intangible personal property owned or possessed by me, in order to have or obtain relief from overtaxation or illegal taxation by said town on property ratable and taxable by said town, is and would be unconstitutional and in violation of the provisions of Section 1 of Article XIV of the Amendments to the Constitution of the United States and of Section 16 of Article I of the Constitution of the State of Rhode Island.

"I, Anne A. Ewing, do hereby declare that the before written account and statement contains, according to the best of my knowledge and belief, a true and complete account of all the real and personal property belonging to me at twelve o'clock noon on the 31st day of December, 1965, and subject to local taxation in the Town of Jamestown, Rhode Island.

"[signed] Anne A. Ewing"

The assessors state that this return suffers from the same defects which prohibited the taxpayers in *Ewing* and *Sayles* from contesting the assessments made against them. Even if we accept arguendo this proposition as true, the assessors cannot bar plaintiff from pressing her petition for relief.

While we acknowledge our holding in *Ewing* and *Sayles*, those cases cannot be considered as controlling here because subsequent to the *Sayles* opinion the general assembly substantially changed one of the statutes which govern the filing of a taxpayer's account. When we decided the above-cited cases, our rulings were based upon the provisions of §§44-5-15 and 44-5-16, both as amended. Section 44-5-15 then and still does require every taxpayer to bring in a true and exact account of all the ratable estate owned or possessed by the taxpayer describing and specifying the value of every parcel of such real and personal estate. Section 44-5-16 then provided that whoever neglected or refused to bring in such an account would have no standing to seek judicial relief from alleged overassessment.

In 1965, the legislature amended §44-5-16 by enacting P. L. 1965, chap. 61. As amended the pertinent portions of this section read as follows:

> "44-5-16. Oath to account brought in—Remedies after failure to bring in account.—Every person bringing in any such account shall make oath before some notary public or other person authorized to administer oaths in the place where such oath is administered that the account by him exhibited contains, to the best of his knowledge and belief, a true and full account and valuation of all the ratable estate owned or possessed by him; and whoever neglects or refuses to bring in such account, if overtaxed, shall have no remedy therefor, except as provided in §§44-4-14, 44-4-15, 44-5-26 to 44-5-31, inclusive, and 44-9-19 to 44-9-24, inclusive. * * *
>
> "No taxpayer shall be denied a right of review by means of the procedure set forth in this chapter (1)

of any assessment on his real property by reason of any claimed inadequacies, inaccuracies or omissions in his listing of personal property, (2) nor in the case of his personal property by reason of any claimed inadequacies, inaccuracies, or omissions in his listing of his real property, (3) nor in the case of real or personal property by reason of any claimed inadequacies, inaccuracies or omissions, which are inadvertent or not substantial, in his listing of real or personal property, respectively."

A studied comparison of the present and former provisions of §44-5-16 shows that the second paragraph of the amended version of this statute was not the law when we considered *Ewing* and *Sayles*. We deem this action of the legislature most significant. This court has said that it will not impart to the legislative branch of government an intent to enact legislation devoid of purpose. *Preservation Soc. of Newport County* v. *Assessor of Taxes*, 99 R. I. 592, 209 A.2d 701. This court assumes that the general assembly, when promulgating laws, is thoroughly conversant with its own legislation on the same subject matter. *Loretta Realty Corp.* v. *Massachusetts Bonding & Ins. Co.*, 83 R. I. 221, 114 A.2d 846; *State* v. *Lewis*, 91 R. I. 110, 161 A.2d 209. In construing this statute we will presume that the legislature when it amended §44-5-16, acted with full knowledge of its prior legislation and the construction thereof by this court. *Carlson* v. *McLyman*, 77 R. I. 177, 74 A.2d 853. Since §44-5-16 differs materially from the section it replaced, we must presume that the legislature thereby intended to establish a rule different from that previously announced by this court. See *Ford* v. *Dorcus*, 54 R. I. 1, 168 A. 814.

While it is true that both of the taxpayers in the *Ewing* and *Sayles* cases were denied relief from claims of overassessment of their real estate because of reported defects in their filed account which pertained to their personalty, it is eminently clear that P. L. 1965, chap. 61, renders the decisions in those cases of little precedent value in this appeal.

The language of the amended statute is plain and unambiguous. By its express terms the first two provisions of the second paragraph of sec. 1 declare that a taxpayer shall not be denied a judicial review of an assessment on his real estate because of *any claimed* inadequacies, inaccuracies or omissions in his account listing his personal property; conversely, if it is the assessment on his personal property he is disputing, the taxpayer shall still be entitled to his day in court notwithstanding a similar deficiency in his account listing his real estate. Finally, in those cases wherein the taxpayer is contesting the assessment either on his real or personal property and there is an insubstantial or inadvertent inadequacy, inaccuracy or omission in the listing of the contested category, the superior court may afford the petitioner relief despite the imperfections in his filed account.

In the instant action, plaintiff is seeking review of the town's assessment of her real estate. The record discloses that the superior court denied relief because of alleged defects in her account relative to her listing of personal property. We think the statute is clearly controlling in this case. It is plain that the legislature has liberalized the standards which a taxpayer must meet in order to have standing to obtain review of tax assessments; it is equally clear the amended statute permits plaintiff here to contest her real estate assessment irrespective of deficiencies discernible in her accounting of personalty.

We have repeatedly held that the method of review of tax assessments is purely statutory. The amended statute now makes the assessors' reliance on the rule of *Sayles* and *Ewing* misplaced.

The plaintiff's appeal is sustained, the judgment of the

superior court is vacated, and the case is remitted to the superior court for further proceedings.

*W. Ward Harvey,* for plaintiff.

*Daniel J. Murray,* town solicitor, for defendants.