247 A.2d 850.

ANNE ASHTON EWING *vs.* THE TAX ASSESSORS OF THE TOWN OF JAMESTOWN.

NOVEMBER 19, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Powers, J.   This is a statutory petition for relief from an alleged over-assessment of real property.   It was filed in the superior court for Newport county on the authority of G. L. 1956, §44-5-26.   When the cause came on to be heard before a justice of that court, the respondents moved to dismiss on the ground that the petitioner was not entitled to relief, having first failed to bring in a true and exact account of all her ratable property within the meaning of and as required by §§44-5-15 and 44-5-16.

From the superior court justice's decision granting respondents' motion, petitioner duly prosecuted a bill of exceptions and the cause is before us on her exception to that decision.

The record establishes that the instant petition was filed January 11, 1963, and challenges respondents' assessment of petitioner's real property for the year 1962.   It is not disputed that the petition was filed within the time fixed by

law nor that the account which she did bring in was either untimely or legally insufficient with regard to petitioner's real property. What is in question is the legal sufficiency of her account as it relates to tangible and intangible personalty owned or possessed by her. General laws 1956, §44-5-15 expressly provides that, within the time prescribed by the assessors of a given city or town, every person liable to taxation owning or possessing ratable property within said town shall bring in to said assessors "* * * at such time as they may prescribe a true and exact account of all the ratable estate owned or possessed by him or it, describing and specifying the value of every parcel of such real and personal estate, * * *."

General laws 1956, §44-5-16 expressly provides that a taxpayer who "* * * neglects or refuses to bring in such account, if overtaxed, shall have no remedy therefor, except as provided in §§44-4-14, 44-4-15, 44-5-26 to 44-5-31, inclusive, and 44-9-19 to 44-9-24, inclusive."

Under the provisions of §44-5-26, on the authority of which the instant petition was filed, relief from an alleged over-assessment of real property is denied to a taxpayer, except under circumstances not applicable here, who brings in an account which as to personal property is not true and exact in that it fails to describe and specify the value of each ratable item. *Ewing* v. *Jamestown Tax Assessors,* 93 R. I. 372, 176 A.2d 69, and *Sayles Finishing Plants, Inc.* v. *Toomey,* 95 R. I. 471, 188 A.2d 91.

In the instant case petitioner did bring in a sworn account in which she described and specified the value of every parcel of real estate, including buildings and improvements. However, with respect to tangible personalty she specified the value of $6,325 and for description stated, "Tangible personal property located on the premises hereinbefore described, as listed in the Inventory filed in the Probate Court of the Town of Jamestown, Rhode Island, in the Estate of

Mary L. H. Ashton, which is incorporated herein and made a part hereof, at the value of every parcel of personal estate as set forth therein."

With respect to intangible personalty her sworn account describes no property. Rather, it recites in detail that she is a resident of the commonwealth of Pennsylvania; that she has never been a resident of Rhode Island; and that for these reasons intangible personal property owned or possessed by her is not ratable in Jamestown, having no legal situs therein.

In granting respondents' motion to dismiss, the superior court justice rested his decision on a determination that her sworn statement as to residence and assertion of no legal situs for such intangible personalty as she might own or possess did not comply with the requirements of §§44-5-15 and 44-5-16. He made no ruling as to the legal sufficiency of the information contained in petitioner's account as regards tangible personalty and his omission in this regard was unquestionably premised on the holdings of this court that if an account were defective in any particular, the superior court lacked jurisdiction to grant relief. *Ewing, supra.* In the view we take of the trial justice's decision regarding petitioner's account as it relates to the information therein contained concerning intangible personalty, we likewise conclude that no necessity exists to consider the legal sufficiency of her account relative to tangible personalty.

As previously noted, §44-5-15, expressly requires every person liable to taxation, and the instant petitioner so qualifies, to bring in to the assessors a true and exact account of all ratable property such taxpayer owns and possesses, describing and specifying the value of every parcel of such real and personal estate.

General laws 1956, §44-5-16 then provides that unless a taxpayer brings in such an account, he shall not be entitled

to judicial relief of an over-assessment except in certain instances not applicable here.

In *Ewing, supra,* the instant petitioner sought review of an alleged over-assessment of her real property for the year 1959 predicated on an assessment of ownership as of December 31, 1958. Purporting to comply with the aforecited §§15 and 16 as a condition precedent to judicial relief under §44-5-26, she filed an account with the assessors which as to intangible personal property merely stated, "Not taxable." We held that there was merit to the tax assessors' contention that the information "Not taxable" did not constitute the compliance mandated by the legislature.

In the instant cause, although the petitioner's account contains a sworn statement as to why her intangible personal property is not taxable by the respondent assessors, rather than the mere statement "Not taxable," such information is in nowise a description and specification of value of such intangible personalty as she may own or possess, as required by §§15 and 16.

The taxing power is vested exclusively in the legislature, *Cole* v. *The Warwick & Coventry Water Co.,* 35 R. I. 511, 87 Atl. 307. Clearly then, a taxpayer who seeks a legislatively authorized judicial review of a tax validly imposed, is bound to comply with such conditions precedent as the general assembly in its wisdom may require. It may well be, as the superior court justice observed, that the condition precedent here involved is burdensome and harsh. Indeed, by the enactment P. L. 1965, chap. 61, the general assembly took cognizance of such situations as the instant cause presents and relaxed the conditions precedent to judicial relief of a proven excessive assessment. See *Ewing* v. *Frank,* 103 R. I. 96, 234 A.2d 840.

The 1965 amendment became effective on its passage, however, and being prospective in its application is without materiality in the instant cause.

For the foregoing reasons, the petitioner's exception is overruled and the case is remitted to the superior court.

Motion for leave to reargue denied.

*Sheffield & Harvey, W. Ward Harvey,* for petitioner-appellant.

*Letts & Quinn, Daniel J. Murray, Jerome B. Spunt,* for respondents-appellees.