## STATE *v.* JOEL FLETCHER.

Judgments upon convictions, obtained under an act subsequently amended, are not affected by the amendatory act, but may be rendered in conformity with the act under which they are obtained.

But judgments cannot be rendered upon indictments found under an act, which is amended, before convictions obtained, by an act varying the forms of judgment, and repealing so much of the amended act as is inconsistent therewith, unless the act contains a saving clause as to pending indictments ; nor can judgments be rendered upon indictments, found subsequent to the passage of the amendatory act, upon offences committed prior thereto, said act containing no provision as to such offences.

State v. Joel Fletcher.

THIS was an indictment setting forth, that Joel Fletcher, between the twenty-first day of December, 1845, and the twenty-eighth day of December, 1845, and within said time, at Cumberland in the county of Providence, did sell, in the possession of him the said Joel Fletcher, to wit, in a certain tavern situate in the town of Cumberland, strong liquors, to wit : rum, gin, and brandy, by retail, in a less quantity than ten gallons, without license first had and obtained from the Town Council, &c., against the form of the statute, &c.

. This indictment was found on the third Monday of March, 1846, and the jury having returned a verdict of guilty thereon, the respondent moved an arrest of judgment, because, since the commission of the act set forth in the indictment and before any prosecution was commenced for the same, the 10th section of the act, entitled " an act enabling Town Councils to grant licenses for retailing strong liquors and for other purposes," had been repealed, and said act in other respects materially altered, so that no judgment could be rendered thereon.

DURFEE, C. J.—The 10th section of the " act enabling Town Councils to grant licenses for retailing strong liquors and for other purposes," provides that the penalties imposed by it may be recovered by indictment in the county where incurred, and that they shall enure, one half thereof to and for the use of the town, in which the offence shall have been committed, and the other half to and for the use of the State, " except as provided in the sixth section."

This section does not affect any question now before us,

This act was amended by an act passed January 16.

State v. Joel Fletcher.

1846, which went into effect on the 26th of the same month. Its second section is in these words: "In case of the conviction of any person for a violation of any of the provisions of this act or of the act to which this is in amendment, one half of the penalty, incurred thereby and recovered and collected, shall enure to the complainant and the other half to the State."

The fourth section of this act repeals, without a saving clause, the act of which it is in amendment, in so far as it is inconsistent with it, and the question raised by the motion is, in how far the 10th section of the amended act is inconsistent with the 2d section of the amending act? This question has been considered with reference not merely to the indictment now before us, but with reference to all the indictments pending. This was the necessary consequence of considering the question in all its bearings.

Every sentence for a penalty, which is to be distributed, is a judgment, which not merely inflicts a penalty, but necessarily provides for its distribution. The penalty is to be paid forthwith into Court, and, unless the judgment provide for its distribution, it cannot be distributed. It goes to the State entire.

The judgment then required by the law, as it was previous to the 26th of January, 1846, for any offence before that time committed against the act amended, must be a judgment, whereby the defendant is sentenced to pay a penalty of fifty dollars, one half to and for the use of the State, and the other to and for the use of the town, in which the offence was committed. Now can such a judgment be rendered for offences committed prior to the 21st of January consistently with the second section of the amending act? The State has complete control over its

prosecutions, whatever may be the distribution of the penalty—that is to say, it may continue or terminate its prosecutions by the prosecuting officer or by an act of the Legislature. The rights of the party, entitled to a share of the penalty, are subject to the power of the Legislature in these particulars. But if a proceeding for the recovery of a penalty be commenced, if judgment be rendered thereon for the penalty, it must be precisely *that judgment* which the process sought, and not one other and different. If an act be passed, which requires a different judgment, the process abates, or, after verdict, the judgment may be arrested.

With this general view, let us examine the second section of the amending act.

It provides that *in case* of the conviction (evidently looking to the future) of any person for the violation of this act or *of the act to which this is in amendment,* one half of the penalty incurred thereby and recovered and collected, shall enure to the complainant and the other half to the State. The section is plainly prospective throughout, and can raise a question only as to judgments that are yet to be rendered on convictions already obtained or to be obtained upon indictments now pending. Now considering those indictments in reference to the question made by this motion, they may be divided into several distinct classes.

*First.*—In indictments on which convictions were obtained at the last term and which were continued for sentence. On these, judgments may be rendered, consistently with the provisions of the amending act, in conformity to the act amended—that is, one half of the penalty to the town and the other half to the State. For the conviction having been obtained, the amending sections

does not affect it, but leaves it to the provisions of the act, which is amended.

*Second.*—Indictments pending at the last term and continued to the present, and upon which no convictions have yet been had. Upon these no judgments can be rendered; for though the amending section provides for convictions, yet to be had on those indictments, it changes the form of judgments to be rendered thereon and requires the judgments to invest the complainant with rights, to which he is not entitled by virtue of the indictment or proceedings thereon, but solely by force of the statute, and to divest the town of rights, which it had at the commencement of the process and up to the 26th of January. The State gave its process to the town to recover the penalty, and, if after that process is commenced, it transfer the penalty to another, it necessarily terminates the process, since the judgment for which the process was commenced cannot be rendered thereon. This class of indictments therefore necessarily falls from the docket.

*Third.*—Indictments commenced at the present term for offences committed prior to the 26th of January, the day on which the amendment took effect. Now when the amendment took effect and immediately thereon, the complainant salone could share the penalty with the State; consequently so much of the act, as provided that the half of the penalty should enure to the town, became inconsistent with the amendment and was repealed, as to all prosecutions where convictions had not already taken place. Surely the legislature did not intend that this section of the amendatory act should have a retroactive effect in a criminal proceeding—neither the language of the act nor the subject to which it relates would justify such a construction. It did not mean to invest the com-

plainant with rights to penalties which had accrued to the town before the act was passed. The class of indictments next preceeding is a class, where the judgment must be rendered upon process, commenced before the 26th of January last, for the town to recover half the penalty.— This could not be done—there being no convictions in this class—consistently with the amendatory act, for that act required the judgment to be not for the town but for the complainant. Then the objection is to the process and judgment thereon. But this class of indictments, which we are now considering, requires judgments to be rendered for the complainant to recover the half of a penalty, which up to the 26th of January belonged to the towns, in which the offence was committed. Here the question touches not merely the process, but the right to take from the town and invest the complainant with this right, originating before the passage of the act. It seems to the Court, that it would be to make the act retroactive, if not *ex post facto*, by a construction, which would not be borne out by the plain import of its words. This class of indictments must therefore fall.

There is still a fourth class of indictments. They are those that were commenced for offences committed subsequent to the 26th of January last. To these of course no point here decided applies, and for aught that has been yet made to appear they stand well with the act.