STATE OF IOWA ex rel. ALICE ACKERLY, Appellee, v. CLAUDE B.
SHEPHERD, Appellant.

BASTARDS: Proceedings—Repeal of Statute—Effect.   The *repeal* of the
former statutes relative to establishing the paternity of an illegiti-
mate child and charging the father with the support of such child
(Ch. 81, 41 G. A.) did not in any manner affect an existing right to
institute such proceeding, even though no proceedings were pending
at the time of the appeal.

STATUTES:  Repeal—Existing Rights—Standing Saving Clause.   The
statutory provision (Sec. 63, Code of 1924) that "the repeal of a
statute does not * * * affect any right which has accrued, any duty
imposed, any penalty incurred, or any proceeding commenced, under
or by virtue of the statute repealed," constitutes a standing saving
clause which, in effect, accompanies all repealing statutes.

Headnote 1:  7 C. J. p. 967.  Headnote 2:  36 Cyc. p. 1231.

Headnote 2:  25 R. C. L. 931, 944.

*Appeal from Decatur District Court.*—H. H. CARTER, Judge.

OCTOBER 19, 1926.

This is an action to charge upon the defendant the paternity
of an illegitimate child, and to charge him with the support
thereof.   The defendant presented a demurrer to the petition,
which was overruled.   From this ruling the defendant has ap-
pealed.—*Affirmed.*

*M. R. Stansell* and *McGinnis & McGinnis,* for appellant.

*R. B. Hawkins,* for appellee.

EVANS, J.—I.   The child was born May 19, 1923.   This
action was begun September 10, 1925.   The ground of the de-
murrer is that, at the time the action was brought, there was no
existing law under which the same could be
prosecuted, and that, therefore, the court was
without jurisdiction to entertain the same.   This
is the sole question presented for our consideration.

1. BASTARDS: pro-
ceedings: repeal
of statute: effect.

Prior to July 4, 1925, Chapter 544 of the Code of 1924, comprising Sections 12658 to 12667, inclusive, was in force. This chapter was repealed and a substitute enacted therefor by Chapter 81 of the Acts of the Forty-first General Assembly. This new act contains the following provisions:

"Sec. 37. This act applies to all cases of birth out of wedlock where birth occurs after this act takes effect, except that Section 35 applies to all cases occurring after this act takes effect.

"Sec. 38. That Sections twelve thousand six hundred fifty-eight (12658) to twelve thousand six hundred sixty-seven (12667), both inclusive, Code of 1924, be and the same are hereby repealed."

The contention of appellant is that, because the repealing section of the new act contained no saving clause, it thereby obliterated Chapter 544 of the Code of 1924, and rendered it as though it had never been. Reliance is had, in the main, upon a general rule, which has been often applied in many jurisdictions, to the effect that, where a statute creates a penalty, a repeal of the statute repeals all penalties which had accrued thereunder but remained unenforced. Such rule has little, if any, application to the case before us. Though the new statute does purport to be a substitute for the old, it purports to be such only *in futuro*. Its application is specifically confined to children born after the new act goes into effect. It is clearly not retrospective. The appellant concedes that the former statute could have been preserved and enforced in cases arising prior to July 4, 1925, if a proper saving clause had been attached to the repealing statute.

Section 63 of the Code of 1924 provides as follows:

"63. In the construction of the statutes, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the general assembly, or repugnant to the context of the statute:

"1. The repeal of a statute does not revive a statute previously repealed, nor affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed."

The foregoing purports to be a rule of construction, to be applied to repealing statutes. It amounts to a saving clause

applicable to all repealing statutes, and has precisely the same

effect as though it had been appended as such to each of them. Its very purpose was to save the necessity of the burdensome formality of attaching an identical saving clause to all repealing legislation. This repealing statute, therefore, is not wanting in a saving clause. The only question is, therefore, whether the case before us comes within the saving terms of Section 63. If, prior to July 4, 1925, any right had accrued to any person under Chapter 544 of the Code of 1924 (being a mere continuance of previously existing statutes), then such right was fully preserved by Section 63, notwithstanding that the statute was repealed as to all cases arising after July 4, 1925. Appellant contends that no right had accrued in this case to any person under the previous statute, in that the provision of such chapter extended to the relator and her child a mere privilege, and that such privilege was not preserved by Section 63. This contention cannot be sustained. The purpose of Chapter 544 was to provide for the support of illegitimate children and to charge such support to the father of the child. Upon the birth of such a child, the right of support accrued to it, and doubtless to the mother also, under such statute. Such right having accrued, it was enforcible at any time. But the accrual of the right was not dependent upon its enforcement. The accrued right remained though its enforcement were delayed. It must be held, therefore, that in this case a right had accrued under the previous statute, and that it was in no manner affected by the repeal of such statute. The present enforcement of it does not contravene in any manner any provision of the new statute.

The demurrer was properly overruled.

II. In passing on the question presented in the foregoing division, we have ignored one feature of the record. The defendant did not stand upon his demurrer, nor did he suffer judgment to be entered against him. He simply obtained a stay of proceedings by an agreement with the prosecution, and both parties have united in the presentation of the question above considered, without reference to the appealability of the order. The mere overruling of the demurrer by the district court was not an appealable order, and it could become such only after the defendant had staked his defense upon it. It is not the policy of

our statutes to render tentative demurrers triable in this court. The litigant may exercise the privilege of such tentative demurrer in the district court, but the privilege extends no further. See *Hansen v. Independent Sch. Dist.*, 193 Iowa 417. Because of the mutual attitude of the parties, and in the interest of speedy litigation, we have momentarily closed our eyes to the fact that the plaintiff could have obtained a dismissal of the appeal by asking for it.

Unless the plaintiff shall elect to have the appeal dismissed, the order appealed from will be—*Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.