STATE *vs.* RICHARD A. FRASER.

JULY 30, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a criminal complaint and warrant charging that the defendant on December 22, 1951 "did then and there operate a motor vehicle recklessly, on a highway of this State, to wit, Junction of Watch Hill Road and Thompsons Corners so called, in a manner unreasonable as to speed and conduct."

In the superior court for Washington county defendant filed a demurrer which, among other things, challenged the constitutionality of section 3, article XXIV, chapter 2595, public laws 1950, known as the "Motor Vehicle Code Act," on the ground that it was contrary to certain provisions of the constitutions of Rhode Island and the United States. This demurrer was overruled and the case was tried before a jury which returned a verdict finding defendant guilty. Thereafter the trial justice denied his motion for a new trial and the case is before us on his bill of exceptions to such ruling and to other rulings made prior to and during the trial.

This case presents some unusual aspects. Public laws 1950, chap. 2595, art. XXIV, sec. 3, of the Motor Vehicle

Code Act, under which the defendant was prosecuted, reads as follows:

> "*Reckless driving*—Any person who shall operate a motor vehicle on any of the highways of this state in a manner which shall be deemed as unreasonable, either as to speed or conduct, shall be charged with reckless driving and upon conviction shall be deemed guilty of a misdemeanor."

But on April 30, 1954, after the case had been argued in this court and before decision thereon, the legislature by enactment of P. L. 1954, chap. 3300, amended sec. 3 of the former act to read as follows:

> "*Reckless driving*—Any person who operates a motor vehicle on any of the highways of this state recklessly so as to endanger the lives or safety of the public shall be guilty of a misdemeanor."

This statute further provided that it should take effect upon its passage and that all acts and parts of acts inconsistent therewith were thereby repealed. However, it contained no "saving clause" to permit the prosecution of offenses committed under the former statute.

A comparison of the two statutes will show that the offenses therein charged are essentially different. The first statute, which was repealed, makes it an offense for a defendant to drive in a manner "which shall be deemed as unreasonable, either *as to speed or conduct* * * *." (italics ours) However, it sets up no standards by which said speed or conduct should be determined to be unreasonable. On the other hand the 1954 or present statute provides that any "person who operates a motor vehicle * * * *recklessly so as to endanger the lives or safety* of the public shall be guilty of a misdemeanor." (italics ours) Here the standard by which the defendant's conduct shall be determined is expressly set forth and a new definition as to what constitutes "Reckless driving" is prescribed. Clearly the offense under the existing statute is not the same as that described in the repealed statute.

264

The general rule is that if a penal statute is repealed without a saving clause there can be no prosecution or punishment for a violation of it before the repeal. 50 Am. Jur., Statutes, §524, p. 532; 22 C.J.S., Criminal Law, §27, p. 79. See also *State* v. *Fletcher,* 1 R. I. 193. The absence of such a saving clause in the instant case appears to be intentional, due perhaps to certain doubts as to the constitutionality of the repealed statute. The repealing statute was enacted while this case under the former statute was pending for decision before this court. In the absence of a saving clause the present statute vacated all previous complaints then pending and they can no longer be prosecuted. In our opinion, therefore, the questions presented under defendant's bill of exceptions are now moot and do not require determination by this court.

The defendant's exceptions are sustained *pro forma,* and the case is remitted to the superior court for entry of a judgment of not guilty.

*William E. Powers,* Atty. Gen., *Alfred E. Motta,* Special Counsel, for State.

*Cappuccio & Cappuccio, Louis B. Cappuccio, Frank S. Cappuccio,* for defendant.