STATE *vs.* ALFRED J. LEWIS, JR.

JUNE 2, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This is a criminal complaint charging that on May 22, 1959 the defendant operated an automobile while under the influence of intoxicating liquor in violation of general laws 1956, §31-27-2. The pertinent part of that statute reads: "It is unlawful * * * for any person who is under the influence of intoxicating liquor or of narcotic drugs to drive or be in actual physical control of any vehicle within this state." After a trial and conviction in the district court, the defendant appealed to the superior court for a trial de novo.

On September 23, 1959 defendant, with leave of the superior court, moved to dismiss the complaint, contending that public laws 1959, chapter 101, upon becoming effective September 1, 1959 repealed G. L. 1956, §31-27-2. In support of this motion he argued that the offense established under the provisions of the new statute was essentially a different one from that with which he was charged in the complaint; that the repealing act did not contain a saving clause; and that therefore further prosecution under the repealed statute was barred.

The attorney general deemed the question raised by the motion to dismiss to be of such doubt and importance and so affecting the merits of the controversy that it ought to be determined by this court before further proceedings. He therefore moved that such question be certified under the provisions of G. L. 1956, §9-24-27. The question certified reads as follows: "Does Chapter 101 of the Public Laws of 1959, amending Section 31-27-2 of the General Laws of 1956, constitute a bar to the prosecution and punishment of crimes already committed in violation of the Statute prior to such amendment."

At the January 1959 session of the general assembly §31-27-2 was amended by enacting P. L. 1959, chap. 101, the

pertinent provisions of which read as follows: "It is also unlawful and punishable as provided in paragraph (c) of this section for any person who is under the influence of intoxicating liquor to a degree which renders him incapable of safely operating a vehicle to drive or be in actual physical control of any vehicle within this state." Section 2 of chap. 101 provided that it would become effective on September 1, 1959 and "thereupon all acts or parts of acts inconsistent herewith shall stand repealed." It is not disputed that §31-27-2 was repealed as of September 1, 1959.

The question certified is ambiguous and is not susceptible of either an exclusively affirmative or negative answer. It is not clear from the language thereof whether it is an inquiry as to the effect of the repeal of the prior act on the prosecution for an offense that was pending at the time the repeal took effect, or an inquiry as to the effect of the repeal of the prior act on an offense committed thereunder for which no prosecution had been instituted at the time of the repeal thereof. Ordinarily if such an ambiguity existed we would remand the question to the superior court for clarification.

In this case, however, it appears from the order of certification that the question of doubt and importance arose out of defendant's motion to dismiss the criminal complaint pending against him at the time of the repeal of §31-27-2. In such circumstance the question whether the repeal of §31-27-2 barred the institution of a criminal proceeding for a violation thereof prior to the repeal could not have been within the contemplation of the parties. Without intending to establish a precedent, we will therefore consider the question in the light of the issue from which it arose, and construe it as being limited in scope to the effect of the repeal of §31-27-2 on a prosecution for a violation thereof pending at the time the repealing act took effect.

The state argued before us that the provisions of the amendatory act, chap. 101, did not create a new and differ-

ent offense from the one established by the prior act. It also argued vigorously that the repeal of the prior act did not bar the prosecution of defendant for the offense with which he was charged thereunder because G. L. 1956, §43-3-23, authorizes the maintenance of the prosecution for offenses committed while the prior act was in effect even though the repealing statute does not specifically provide for the preservation of such prosecution. Since the conclusion which we reach as to the latter contention is determinative of the question certified, we will discuss only that point.

Section 43-3-23 reads as follows: "No suit, prosecution or indictment, pending at the time of the repeal of any statute for any offense committed, or for the recovery of any fine, forfeiture or penalty, incurred under the statute so repealed, shall in any case be affected by such repeal, but such suit, prosecution or indictment, may be proceeded with, and such act shall be deemed to be in force for the purpose of prosecuting the same to final judgment and execution or sentence, as the case may be."

In *State* v. *Fraser*, 82 R. I. 261, this court followed the general rule that where a penal statute is repealed without a saving clause there can be no post-repeal prosecution or punishment for a violation thereof. The repealing act considered in that case contained no specific saving clause, and the question whether the saving provisions of §43-3-23 were applicable in the circumstances was not considered by the court. Our attention has not been directed to any case decided in this jurisdiction where the effect of the general saving clause contained in that section has been determined.

It is well settled that a saving statute of general application, in the absence of a clear legislative intent to the contrary, has the effect of abrogating the common-law rule that upon the repeal of a penal statute without a reservation of its penalties all criminal proceedings taken thereunder abate. The legislative mandate as set out in our

statute is that the repealed act "shall be deemed to be in force for the purpose" of concluding criminal proceedings "pending at the time of the repeal" of the prior act. Statutes containing similar provisions repeatedly have been held to authorize the continuance of prosecutions that were pending at the time of the repeal of the prior act. *Capone* v. *United States,* 51 F.2d 609; *State* v. *Hanlen,* 190 Wash. 563.

The general saving statutes in effect in Connecticut are substantially similar to our statute and by their express provisions apply to prosecutions or proceedings pending at the time of the repeal of the prior act. In the case of *Simborski* v. *Wheeler,* 121 Conn. 195, 199, the Connecticut court said concerning these statutes, "In effect they attach to every act repealing a statute within their purview a saving clause * * * under which the repealed statute still remains in full effect as regards any matter covered by it." The purpose for which this type of legislation has been enacted is stated succinctly in *State ex rel. Ackerly* v. *Shepherd,* 202 Iowa 437, wherein the court, referring to a general saving statute, stated at page 439, "Its very purpose was to save the necessity of the burdensome formality of attaching an identical saving clause to all repealing legislation."

It is our opinion that it was the legislative intent that our act was to have the effect of saving criminal proceedings pending at the time of the repeal of any penal statute unless such construction would be clearly repugnant to the express provisions of the repealing statute. Therefore we conclude that the repeal of §31-27-2 by chap. 101 is not a bar to the maintenance of a prosecution then pending under the repealed act.

In reaching this conclusion we have given consideration to the contention of defendant that to hold that §43-3-23 operates to save the prosecution pending in the instant case is to do violence to the principle of law that the legislature may not by its enactments limit the authority of a subse-

quent legislature to legislate on the same subject matter. We do not perceive that this contention has pertinency in the instant circumstances. The statute under consideration does not purport to limit or bind subsequent legislatures. It is clear that any subsequent legislature may repeal a general saving statute or, in enacting any repealing statute, may in its discretion either expressly or impliedly suspend the operation of the general saving statute with respect thereto.

We note further in this respect that it is well settled that a legislature is presumed to know of prior legislation on the same subject matter. *Carlson* v. *McLyman,* 77 R. I. 177. Consequently where a legislature enacts a repealing statute without including therein a specific saving clause, we will presume, where such presumption is not repugnant to the terms of the repealing statute, that the legislature enacted it with the intention that the general saving statute would have application.

Accordingly, subject to the construction which we have given to the question certified, our answer is in the negative, and the papers in the case are ordered sent back to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Carmine A. Rao,* Special Counsel, for State.

*John T. Walsh,* for defendant.