STATE

v.

**Harold H. POTTER, Jr.**

No. 79–21–C.A.

Supreme Court of Rhode Island.

Dec. 3, 1980.

Dennis J. Roberts, II, Atty. Gen., C. Daniel Schrock, Sp. Asst. Atty. Gen., for plaintiff.

Peter Olsen, Asst. Public Defender, for defendant.

OPINION

KELLEHER, Justice.

This is an appeal from a judgment of the Superior Court wherein the defendant, Harold H. Potter, Jr. (Potter), was found to have violated the terms of a probation agreement he entered into on December 15, 1975, at the same time that he received a five-year suspended sentence for breaking into and entering a bar in the town of Burrillville. The incident that led to the ultimate imposition of the five–year sentence involved a stabbing that occurred in Burrillville in the early evening of June 19, 1978.

At the violation hearing, Thomas G. Brissette (Brissette), a Burrillville police officer, testified that he responded to a call directing him to go to a "fight" that was then taking place in front of the town's post office. Within two minutes, Brissette was on the scene, where he observed members of the local rescue squad "working on a subject." The "subject" was Danny Brousseau (Brousseau). Brousseau was bleeding from two knife wounds in his abdomen. Brousseau told Brissette that he had been involved in a fight with Potter and Potter's brother-in–law, Boyd Leite. Potter was arrested and taken to police headquarters

where, after being accorded the Miranda warnings, he gave a statement in which he conceded that he was the one who had wielded the knife.

At the violation hearing, testimony was given in behalf of Potter which indicated that he was suffering from paranoid schizophrenia and "chronic alcoholism." Potter told the trial justice that he had been drinking on the day in question and could remember nothing of what occurred in front of the post office or at police headquarters.

The single issue before us is whether the trial justice erred when he allowed Brissette to testify that Brousseau had told him Potter was the one who had stabbed him.

In *State v. DeRoche*, R.I., 389 A.2d 1229 (1978), we reviewed the constitutional limitations on the use of hearsay evidence in probation– and parole–revocation hearings, having in mind the minimum due–process requirements delineated in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In *DeRoche*, we pointed out that although the Supreme Court had ruled that a probationer or a parolee had a right at a revocation hearing to confront and cross–examine witnesses, the right of confrontation is satisfied if the trial justice has determined that the out–of–court declarant is available for cross–examination. If the declarant is not available for cross–examination, then the trial justice is to make a specific finding that there is just cause for not permitting confrontation before the hearsay testimony is admitted into evidence. *See State v. Marrapese*, R.I., 409 A.2d 544 (1979).

The trial justice, in permitting Brissette to relate Brousseau's out–of–court identification of Potter, was well aware of the hearsay quality of this evidence. However, he was quick to point out that Brousseau's statement amounted to a spontaneous utterance and thus fell within a well–recognized exception to the rule that bars hearsay testimony. Potter questions the spontaneity of Brousseau's remarks.

We have on numerous occasions pointed out that admissibility of statements purporting to be spontaneous utterances is a matter that is directed to the sound discretion of the trial justice. Strict contemporaneity is not required. The question to be decided is whether the trial justice, from his consideration of all the facts, is satisfied that the declarant was laboring under the stress of nervous excitement when he spoke instead of making the statement the product of reflection and deliberation. *State v. Benton*, R.I., 413 A.2d 104 (1980); *State v. Jalette*, R.I., 382 A.2d 526 (1978); *State v. Nordstrom*, 104 R.I. 471, 244 A.2d 837 (1968).

In testifying, Brissette said that when he spoke to Brousseau within minutes after having been notified of the fight, the victim was "excited" and "upset." The trial justice alluded to these facts in determining that the hearsay was "almost contemporaneous with the act itself." We have reviewed the record and can find no reason to fault the trial justice's characterization of Brousseau's conversation with Brissette.

Although Potter fails to challenge the absence of proof regarding the availability or unavailability of the out–of–court declarant, the record contains ample evidence that at the time of the violation hearing Brousseau was nowhere to be found. One of the police officers said that they had checked all of Brousseau's known hangouts and were unable to locate him. According to the police, Brousseau was "on the run" with a friend who was wanted for armed robbery.

The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.