STATE

v.

Dennis R. SOUZA.

No. 81–336–C.A.

Supreme Court of Rhode Island.

Feb. 25, 1983.

Dennis J. Roberts II, Atty. Gen., Judith Crowell, Sp. Asst. Atty. Gen., for complainant.

Bruno & Recupero, Arthur D. Parise, Providence, for defendant.

## OPINION

SHEA, Justice.

The defendant, Dennis Souza, stands convicted by a Superior Court jury of committing indecent assault and battery on a child under the age of thirteen and committing an abominable and detestable crime against nature, to wit, fellatio. The trial justice imposed a ten-year sentence for the abominable-and-detestable-crime against-nature conviction and a concurrent three-year sentence for the indecent assault conviction.

On appeal, Souza raises the following issues: (1) that the trial justice erred by allowing hearsay testimony of the complainant's mother, (2) that the trial justice erred by refusing to give the requested instruction on expert testimony, and (3) that the state improperly charged him under G.L. 1956 (1969 Reenactment) § 11–37–6 and § 11–10–1. We affirm the conviction for commission of the abominable and detestable crime against nature but, for reasons given below, must vacate the conviction for indecent assault.

The evidence presented at trial established that on February 19, 1979, Souza stopped his black Ford pickup truck and asked the victim, a twelve year-old boy, if he wanted a ride. (Their paths first crossed when the boy helped his father do some work for Souza.) The youngster accepted the ride and got into the truck. After making a few stops, the pair arrived at Souza's home. Upon entering the house, the boy went to the bathroom. Souza followed him into the bathroom and touched his penis. This incident gave rise to the charge of indecent assault.

After leaving the bathroom, Souza and the boy sat down on a couch to watch television. Souza asked the boy to rest his head on Souza's lap, which he did. While lying down, Souza unfastened the boy's pants and began to suck his penis. The boy became angry and started to punch Souza in an effort to make him stop. When Souza stopped, the youngster got up, and started to leave the house. Souza then apologized, and promised to stop if the boy would stay. He did. However, after the youngster returned to the couch, Souza started kissing him. The defendant then pulled the boy's pants down and repeated the previous assault. Moments later Souza pulled his own pants down and ordered the youngster to commit fellatio on him. He also promised the boy three dollars if the boy caused him to ejaculate. These events gave rise to the charge of committing an abominable and detestable crime against nature.

The boy left Souza's house and walked home, arriving there around 5 p.m.. He did not mention the assault to his parents. At approximately 9:30 p.m., he went to bed but could not fall asleep. When his mother heard him crying at around 11:30 p.m., she went into his room to talk with him. He told her that he had done something wrong and asked her not to tell anyone. He then related the incident to her. The boy's father called the police, and the following day, February 20, 1979, the boy gave a statement at the police station.

On February 20, 1979, the Bristol police obtained a warrant for Souza's arrest. Shortly thereafter, defendant was arrested at his home and brought before a justice of the peace who released him on personal recognizance. However, it was not until

June 24, 1980, that defendant was charged by information with violations of G.L. 1956 (1969 Reenactment) § 11–37–6 and § 11–10–1. In the meantime, on May 9, 1979, the Legislature repealed chapter 37 of title 11 which contained the indecent-assault section defendant was charged with violating. In its place, the Legislature enacted the sexual-assault statute. General Laws 1956 (1981 Reenactment) chapter 37 of title 11, as enacted by P.L. 1979, ch. 302, § 1.

 First, defendant argues that the trial justice erred in allowing hearsay testimony to be presented by the victim's mother. The admissibility of statements purporting to be spontaneous utterances is a matter directed to the sound discretion of the trial justice. "Strict contemporaneity is not required." *State v. Potter*, R.I. 423 A.2d 67, 68 (1980). In general, a less demanding time requirement is necessary in sexual-offense cases, especially when the victim is a child of tender years. *State v. Jalette*, 119 R.I. 614, 619, 382 A.2d 526, 529 (1978). The trial justice must determine from all the facts whether the declarant, when he spoke, was laboring under the stress of nervous excitement. *State v. Potter, supra.*

 We conclude that the trial justice did not abuse his discretion by allowing the boy's mother to relate what he had told her. Although the conversation occurred six and one-half to seven hours after the incident, the record indicates that the boy was extremely distraught when he related the story to his mother. She testified that her son, who is a very sound sleeper, repeatedly got out of his bed on the evening in question. Every time he walked by his parents' room, he peeked inside. Later, his mother heard him crying, so she went to his room to talk with him. Given these facts, it appears that when the boy related the story, he was still laboring under the stress of the nervous excitement engendered by the event described.

The defendant next contends that the trial justice erred by refusing his requested instruction on expert testimony. The defendant requested an instruction that unimpeached and uncontradicted expert testimony may not be arbitrarily disregarded.

The only expert who testified was Dr. Donald Baxter, who examined the boy's genitalia and rectum. He testified that he found no evidence of trauma and that he would not expect to find trauma from either nonforcible touching or fellatio. The defendant insists that the jury should have been instructed not to disregard the lack of medical evidence of anal penetration. However, defendant was not charged with anal penetration of the boy. Nor did the youngster affirmatively state at trial that he had been penetrated.

 Under our law, a defendant is only entitled to a charge that explains and informs the jury of those propositions of law which relate to the material issues of fact the evidence tends to support. *State v. D'Alo*, R.I., 435 A.2d 317, 319 (1981). Because anal penetration was not in issue, defendant was not entitled to an instruction relating to Dr. Baxter's testimony.

Having disposed of the above claims, we now address the jurisdictional issues raised by defendant. Souza asserts that the state improperly charged him with committing an indecent assault because the Legislature had previously repealed the entire rape and seduction statute that had included the indecent-assault section. He also claims that by implication, the state improperly charged him with committing an abominable and detestable crime against nature.

Just prior to trial Souza moved to dismiss the prosecution based upon the legislative repeal of the rape and seduction statute. The trial justice denied this motion. Souza now claims that the state had no authority to prosecute him and that the Superior Court had no authority or competence to hear and decide the matter. As a consequence, defendant seeks to assert absence of subject matter jurisdiction. We cannot agree with this contention.

The Superior Court is a court of general jurisdiction and may decide any controversy in which the state alleges the commission of a felonious crime or, indeed, any crime unless jurisdiction is conferred upon some other tribunal. General Laws 1956 (1969 Reenactment) § 8–2–15. There is a distinction between error, acting in excess of jurisdiction, and absence of jurisdiction in the fundamental sense. *See Hartt v. Hartt,* R.I., 397 A.2d 518, 521 (1979). Absence of subject matter jurisdiction in the fundamental sense is an extreme determination when applied to a trial court of general jurisdiction. *See Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872).

In the case at bar, the Superior Court clearly had the jurisdiction to decide the controversy, i.e., whether defendant was guilty of the crime with which he was charged. Incident thereto, the court had the authority to determine whether the statute creating the offense of indecent assault had been repealed. However, by failing to dismiss the indecent-assault charge because of the repeal, and proceeding to try defendant on that charge, we believe that the Superior Court exceeded its jurisdiction.

The indecent-assault section contained in the old rape and seduction statute G.L.1956 (1969 Reenactment) § 11–37–6 provided:

"Indecent assault on child.—Every person who shall commit an indecent assault and battery on a child under the age of thirteen (13) years shall upon conviction be sentenced to a term not exceeding five (5) years."

When the Legislature repealed the rape statute, it did not include any "savings" clause that would preserve liability for crimes committed before the repeal. Public Laws 1979, ch. 302. Also the general savings clause, G.L.1956 (1980 Reenactment) § 43–3–23, does not apply to this case. That statute provides in part:

"Effect of repeal on criminal prosecutions.—No suit, prosecution or indictment, *pending at the time of the repeal* of any statute for any offense committed * * * shall in any case be affected by such repeal, but such suit, prosecution or indictment, may be proceeded with, and such act shall be deemed to be in force for the purpose of prosecuting the same to final judgment and execution or sentence, as the case may be." (Emphasis added.)

"It is well settled that a prosecution for a crime must be preceded by a formal accusation. This formal accusation of a felony must be by way of indictment by a grand jury or by information of the Attorney General." [Citation omitted.] *State v. Cipriano,* R.I., 430 A.2d 1258, 1260 (1981). Because the information was not filed until June 24, 1980, there was no prosecution pending when the Legislature repealed the indecent-assault section on May 9, 1979. Therefore, the general savings clause does not apply to the case at bar.

The defendant relies on the common-law rule of abatement, which holds that in the absence of a savings provision, a defendant may not be convicted under a statute that has been repealed. The earliest reported case in which this court applied the abatement doctrine is *State v. Fletcher,* 1 R.I. 193 (1846). In *Fletcher,* defendant was charged with selling liquor without a license. The offense occurred in December 1845. The Legislature, however, amended the statute upon which the charge was based in January 1846. The defendant was not indicted until March of 1846, two months after the statute had been amended. This court quashed the indictment. It held that the amendment materially altered the statute, thereby abrogating the trial court's authority to render judgment on the action. The opinion emphasized that the Legislature did not intend the amendment to have a retroactive effect in a criminal proceeding. The court also stated that even if the indictment had been pending when the act was amended, the court still could not render judgment on the action.

In *State v. Fraser,* 82 R.I. 261, 107 A.2d 295 (1954), this court held that in the ab-

sence of a savings statute, there can be no prosecution or punishment for a violation occurring before the repeal of a statute. Fraser was charged with reckless driving. After a Superior Court jury conviction, he appealed to this court. While his appeal was pending, the Legislature amended the reckless-driving statute. This court held the amendment repealed the old statute, vacating all previous pending actions, including the matter before the court.

The matter before us appears to fit within the abatement doctrine as enunciated in *Fletcher, supra,* and *Fraser, supra.* Souza was convicted of an indecent assault. Before the state commenced the action, the statute was repealed. When the statute was repealed, all pending actions were saved pursuant to § 43–3–23. However, those actions that had not yet commenced abated pursuant to the common-law rule.

■ The state urges us to preserve this action against Souza by adopting the common-law exception to the abatement doctrine. The exception provides that when a criminal statute is ostensibly repealed and replaced by a statute that is substantially the same, no repeal has occurred. In *Sobey v. Molony,* 40 Cal.App.2d 381, 104 P.2d 868 (1940), the California District Court of Appeals explained the abatement exception as follows:

"When a statute, although new in form, re-enacts an older statute without substantial change, even though it repeals the older statute, the new statute is but a continuation of the old. There is no break in the continuous operation of the old statute, and no abatement of any of the legal consequences of acts done under the old statute." *Id.* at 385, 104 P.2d at 870.

■ The reasoning behind the exception is sound since the abatement doctrine imputes to the Legislature an intention to avoid inflicting punishment for activity that it no longer sees fit to proscribe. *Hamm v. City of Rock Hill,* 379 U.S. 306, 313, 85 S.Ct. 384, 390, 13 L.Ed.2d 300, 306 (1964). If the Legislature reenacts an older statute which proscribed the same conduct, the Legislature would not have intended to pardon violations of the old statute. *See Sekt v. Justice's Court of San Rafael Township,* 26 Cal.2d 297, 159 P.2d 17, *cert. denied,* 326 U.S. 756, 66 S.Ct. 96, 90 L.Ed. 454 (1945).

■ The state contends that this abatement exception applies to the case at bar because the same conduct was prohibited under both the old § 11–37–6 and the new § 11–37–4. We disagree.

In interpreting the indecent-assault section, this court stated:

"[A]n assault upon a child is indecent if it is so offensive as to affront community standards and such as the common sense of society would regard as immodest, immoral and improper. * * * [A]n intention to 'gratify a sexual desire' is not a necessary concomitant of an indecent assault." [Citations omitted.] *State v. Beaulieu,* 110 R.I. 113, 121, 290 A.2d 850, 854 (1972).

Section 11–37–4(A) of the new sexual-assault statute prohibits engaging in sexual contact with another person under thirteen years of age. Sexual contact includes "the intentional touching of the victim's or accused's intimate parts, clothed or unclothed, if that intentional touching can be reasonably construed as intended by the accused to be for the purpose of *sexual arousal, gratification* or assault." (Emphasis added.) General Laws 1956 (1981 Reenactment) § 11–37–1.

We are faced with a situation in which the Legislature reenacted a statute with very substantial changes. Under the old statute, the state did not have to prove that a defendant committed the assault for the purpose of sexual gratification or arousal. The new law makes this a necessary element of the offense. Therefore, the Legislature completely revamped the statutory framework relating to this type of offense.

In the case at bar, the trial justice instructed the jury in accordance with *State v. Beaulieu, supra.* However, *Beaulieu* is

not consistent with the new statute. Under the new statute the accused must sexually assault the victim for the purpose of sexual gratification or arousal whereas, under the old statute, this element was unnecessary.

Because § 11–37–6 was repealed, actions commenced under it abated. The savings statute does not apply since the action was not pending when the statute was repealed. The Superior Court, in effect, convicted the defendant of a crime which no longer existed in law. Therefore, defendant's conviction of that offense must be vacated.

The state contends that action we take today could have drastic consequences should other criminal statutes, such as murder, be repealed and substantially reenacted. In such a situation, however, the Legislature can avoid this result merely by enacting a savings clause that applies to all crimes committed before the repeal rather than to all legal proceedings commenced before the repeal.

The defendant also contends that we should vacate his conviction of committing an abominable and detestable crime against nature in violation of § 11–10–1. He claims that by repealing chapter 37 of title 11, the Legislature also implicitly repealed § 11–10–1 because both statutes proscribe the same conduct. There is no merit to this contention.

Only when two statutory provisions are irreconcilably repugnant will a repeal be implied and the last enacted statute preferred. If two statutes are not inconsistent and relate to the same subject matter, they are deemed "in pari materia" and considered together so that they will harmonize with each other. *Berthiaume v. School Committee of Woonsocket,* R.I., 397 A.2d 889, 893 (1979). Here, both these statutes generally cover the same subject matter. However, they are not repugnant. Section 11–10–1 prohibits abominable and detestable crimes against nature. Such acts include fellatio, *State v. Milne,* 95 R.I. 315, 187 A.2d 136 (1962); cunnilingus, *State v. McParlin,* R.I., 422 A.2d 742 (1980); and anal intercourse, *State v. Santos,* R.I., 413 A.2d 58 (1980). Chapter 37 of title 11 also outlaws this type of conduct. For example, G.L.1956 (1981 Reenactment) § 11–37–2(A) prohibits sexual penetration of a person under thirteen years of age. Sexual penetration includes: "cunnilingus, fellatio, and anal intercourse * * *." Section 11–37–1. Therefore, in enacting chapter 37 of title 11, it is clear that the Legislature did not intend to pardon any of the activity that is covered under § 11–10–1. Accordingly, we conclude that § 11–10–1 retains viability notwithstanding the enactment of the sexual-assault statute.

The defendant's appeal is sustained in part and denied in part. The conviction for engaging in an abominable and detestable crime against nature is affirmed. The conviction for indecent assault is vacated. The papers of the case are remanded to the Superior Court for further proceedings.