STATE

v.

Mark WEBSTER.

No. 85–40–C.A.

Supreme Court of Rhode Island.

Oct. 28, 1985.

Arlene Violet, Atty. Gen., Constance L. Messore and Jeffrey B. Pine, Sp. Asst. Attys. Gen., for plaintiff.

William F. Reilly, Public Defender, Paula Rosin, Asst. Public Defender, for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order issued to the defendant to appear and show cause why his appeal from convictions in Superior Court of first- and second-degree sexual assault ought not be denied and dismissed.

At trial, statements made by the victim to third parties were admitted over objection under the excited-utterance exception to the hearsay rule. The evidence established that immediately after the incident the victim ran to the home of a friend, who was allowed to testify at trial to statements made by the victim about the assault. The friend called the police, and the officer who responded was allowed to testify to the events as described by the victim. A third witness was permitted to testify that she saw defendant speak with the victim, almost immediately after which she saw the victim in tears and was told by the victim that defendant had threatened to kill her.

The admission of a purported excited utterance is left to the sound discretion of the trial justice. *State v. Souza*, — R.I. —, 456 A.2d 775 (1983). Such statements need not be strictly contemporaneous with the startling event so long as the trial justice is satisfied that at the time the statement was made the declarant was still laboring under the stress of nervous excitement. *State v. Creighton*, — R.I. —, 462 A.2d 980 (1983). The determining factor is the continuing effect of the event on the declarant—whether the statement was an "effusive response to a startling

event." *State v. Burgess,* —— R.I. ——, 465 A.2d 204, 207 (1983).

■ The evidence in this record establishes that the victim's statement to her friend was made within minutes of the assault. The statement made to the police officer was given within twenty to forty minutes of the assault. The victim's subsequent statements to a witness concerning a threat made to her by defendant were communicated to that witness immediately after the threat had been made. During each of these encounters the victim was described as "sobbing hysterically," "disheveled," and "crying violently." The trial justice's decisions to admit these statements as excited utterances clearly were supported by the evidence and by our previously decided cases.

■ At trial, a physician who examined the victim testified that he had prescribed Amoxicillin, an antibiotic, for her. He said that the medication was intended to afford protection against venereal disease and that he had prescribed it because "there was a suspicion of rape." The defendant contends that this testimony was impermissible under our holding in *State v. Castore,* —— R.I. ——, 435 A.2d 321 (1981), because it effectively conveyed to the jury the doctor's opinion that rape had in fact occurred. Because the physician had testified earlier that "based on what I learned that night, it's not possible to say for certainty whether the patient was raped" this situation is completely different from that in *Castore.* The doctor's statement in this case that a "suspicion of rape" existed could hardly have been news to the jury. The defendant is not entitled to any relief on this point.

The other issues raised by the defendant are, in our opinion, without merit.

The defendant's appeal is denied and dismissed, the judgments appealed from are affirmed, and the papers of the case are remanded to the Superior Court.

BEVILACQUA, C.J., did not participate.