**STATE**

v.

**Timothy MULLEN.**

**No. 98–437–C.A..**

Supreme Court of Rhode Island.

Nov. 16, 1999.

C. O'Brien, Jr., for Plaintiff.

Lauren Sandler Zurier, Aaron L. Weisman, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court pursuant to an order directing the parties to show cause why the issues raised by this appeal should not be summarily decided. The appellant in this case, the State of Rhode Island, seeks review of the trial justice's ruling dismissing nine counts of an indictment against the defendant, Timothy Mullen, charging him with the abominable and detestable crime against nature pursuant to G.L.1956 § 11–10–1. After reviewing the memoranda submitted by the parties and hearing the oral arguments of counsel, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided at this time.

The defendant was charged, inter alia, with nine counts of abominable and detestable crimes against nature pursuant to § 11–10–1. The indictment alleged that defendant committed sexual acts upon the victim between February 22, 1992, and February 22, 1995, when the victim was between the ages of fourteen and seventeen. However, the state, upon a request for a bill of particulars, stated that the alleged acts took place between April 10, 1994, and February 22, 1995, when the victim was over sixteen years of age.

While this indictment was pending, the Legislature repealed certain provisions of § 11–10–1. The statute as amended reads as follows:

"SECTION 1. Section 11–10–1 of the General Laws in Chapter 11–10 entitled Crime Against Nature' is hereby amended to read as follows:

*11–10–1. Abominable and detestable crime against nature.*— Every person who shall be convicted of the abominable and detestable crime against nature, ei- ther with mankind or with any beast, shall be imprisoned not exceeding twenty (20) years nor less than seven (7) years." P.L.1998, ch. 24, § 1.

A justice of the Superior Court dismissed nine counts charging abominable and detestable crimes against nature on the ground that the Legislature repealed that portion of the statute prohibiting such conduct with mankind. The motion justice reasoned that the thrust of the repeal was to decriminalize sodomy between persons who had attained the age of consent (sixteen years) and "the manifest intent of the General Assembly was to end prosecutions, convictions, and perhaps even sentencing, * * * of persons who engage in no other criminal conduct than that of sodomy."

On appeal the state argues that the Legislature intended to decriminalize sodomy between consenting adults and did not intend to decriminalize sodomy among those who cannot or did not consent. The state further asserts that the victim's ability to consent, even after the age of sixteen, was compromised in this case because of the age difference between defendant and the victim,[1] as well as the victim's troubled background. Specifically the state argues it would not contravene the intent of the Legislature to apply the general savings statute and prosecute defendant for alleged violations of § 11–10–1.

The parties agree that "[a]t common law the general rule was that in the absence of an effective saving clause, the repeal of a penal statute operated to bar prosecution for prior violations of the statute." *State*

*v. Babbitt*, 457 A.2d 1049, 1053–54 (R.I. 1983) (citing *State v. Souza*, 456 A.2d 775 (R.I.1983); *State v. Fraser*, 82 R.I. 261, 264, 107 A.2d 295, 296 (1954)). "The rule was founded on the theory that the Legislature by its repeal determined that the conduct in question should no longer be prosecuted as a crime." *Babbitt*, 457 A.2d at 1054 (citing *United States v. Chambers*, 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763 (1934); *Ex parte Mangrum*, 564 S.W.2d 751, 753 (Tex.Crim.App.1978)).

■ Rhode Island's general savings statute, G.L.1956 § 43–3–23, provides that "[n]o suit, prosecution, or indictment pending at the time of the repeal of any statute for any offense committed * * * shall in any case be affected by the repeal, but the suit, prosecution, or indictment may be proceeded with, and the act shall be deemed to be in force for the purpose of prosecuting the act to final judgment and execution or sentence, as the case may be." "[I]t was the legislative intent that [§ 43–3–23] was to have the effect of saving criminal proceedings pending at the time of the repeal of any penal statute unless such construction would be clearly repugnant to the express provisions of the repealing statute." *State v. Lewis*, 91 R.I. 110, 115, 161 A.2d 209, 212 (1960).

In *Babbitt* this Court held that the effect of a simultaneous repeal and reenactment of a common-law rape statute into one for sexual assault did not deprive the trial court of jurisdiction to prosecute the defendant for a violation of the repealed statute. 457 A.2d at 1054. Applying the simultaneous-repeal-and-reenactment exception to the common-law abatement doctrine, this Court stated that "the effect of the change in the law as it relates to the crime of rape was merely amendatory in nature; there was never a time when the elements of the offense were not considered criminal." *Id.* There the crime of

---

1. The defendant was twenty-four years old in 1992 when the alleged acts began. He was twenty-eight years old on February 22, 1995, the latest date upon which he was charged with a violation of G.L.1956 § 11–10–1.

common-law rape was embodied in the new sexual-assault statute.

The defendant in *Babbitt* was also charged with violating G.L.1956 § 11–34–5, which made unlawful the "transport[ing of] * * * another for the purpose of prostitution * * *. [T]he Legislature amended § 11–34–5 by adding the requirement that the proscribed conduct be conducted for pecuniary gain.'" *Babbitt,* 457 A.2d at 1055. This Court concluded that because the defendant did not act in the interests of pecuniary gain, the acts of the defendant were not made criminal under the amended statute and a "contrary ruling would be inconsistent with the legislative intent." *Id.*

▐ In the case at bar we are of the opinion that the trial justice was correct in determining that it was the manifest intention of the Legislature to decriminalize the act of sodomy between consenting adults. Having repealed that portion of § 11–10–1 that proscribed sodomy "with mankind," the Legislature clearly intended that such activity be regulated by the criminal statute on sexual assault. G.L.1956 chapter 37 of title 11. The definitional provisions of that statute explicitly include those acts that formerly composed the "crime against nature" provision, § 11–37–1(8), so that those acts are punishable when they are carried out in such a way as to violate the statute. The sexual-assault statute further provides that the age of consent is sixteen, § 11–37–6, and this age of consent is applicable to sodomy as well as to other forms of sexual behavior. Consequently for purposes of this statute a person who has attained the age of sixteen years may be considered a consenting adult. In applying the savings statute, § 43–3–23, one must also consider § 43–3–2, which reads as follows:

"Application of rules of construction. In the construction of statutes the provisions of this chapter shall be observed, unless the observance of them would

lead to a construction *inconsistent with the manifest intent of the general assembly, or be repugnant to some other part of the statute*." (Emphasis added.)

We are of the opinion that the trial justice was correct in determining that the preservation of these charges would have been inconsistent with the manifest intention of the General Assembly to decriminalize sodomy between consenting adults and that it would be repugnant to the statute as amended.

The dissent suggests that the effect of the Court's ruling in this case will be to revive the common-law rule extinguishing all pending prosecutions upon repeal of a criminal statute. Nothing could be further from the intent of this opinion.

▐ We believe that when the Legislature repeals or amends a portion of a criminal statute, the effect of such repeal or amendment upon pending prosecutions should be considered on a case-by-case basis, taking into account the provisions of § 43–3–2 in the light of the intent of the Legislature in enacting the repeal or amendment. In the case at bar we are of the opinion that it is inconsistent with the intent of the Legislature to prosecute acts that are no longer criminal offenses. It is fundamentally unfair to prosecute an individual for prior conduct that would now not constitute a violation of law. A major purpose of a criminal statute is to deter conduct deemed unacceptable and either *malum in se* or at least *malum prohibitum* by the Legislature.

When by virtue of amendment or repeal such conduct is no longer prohibited, prosecution can have no deterrent effect. The sole purpose of prosecution in such a situation is pure punishment for its own sake. We believe that such nondeterrent punitive action would be inconsistent with and repugnant to the express provisions of the repealing statute.[2]

2. The dissent suggests that their position is not based on punishment for the sake of pun-

ishment but on common sense for the sake of common sense. We would only observe that

For the reasons stated, the state's appeal is denied. The judgment of the Superior Court in dismissing counts 4 through 12 of the indictment is hereby affirmed. The papers in the case may be remanded to the Superior Court.

FLANDERS, Justice, with whom Justice BOURCIER joins, dissenting.

We respectfully disagree with the Court's holding that enforcement of Rhode Island's general saving statute, G.L.1956 § 43-3-23,[3] would be inconsistent with the manifest intention of the General Assembly when it repealed that portion of G.L. 1956 § 11-10-1 that outlawed the "abominable and detestable crime against nature" (sodomy). See P.L.1998, ch. 24, § 1 (the act). Therefore, we do not believe that the pending prosecution of the defendant, Timothy Mullen, for committing nine counts of sodomy was properly dismissed. Because the application of § 43-3-23's general rule preserving pending prosecutions from the repeal of a criminal statute is neither inconsistent with nor repugnant to the General Assembly's manifest intention to decriminalize sodomy as of the effective date of the repeal, we respectfully dissent.

Rhode Island's general saving statute, § 43-3-23, was enacted to supersede the common-law rule "that in the absence of an effective saving clause, the repeal of a penal statute operated to bar prosecution for prior violations of the statute." *State v. Babbitt,* 457 A.2d 1049, 1053-54 (R.I. 1983) (citing *State v. Souza,* 456 A.2d 775 (R.I.1983); *State v. Fraser,* 82 R.I. 261, 264, 107 A.2d 295, 296 (1954)). Thus "it was the legislative intent that [§ 43-3-23] was to have the effect of saving criminal proceedings pending at the time of the

repeal of any penal statute *unless such construction would be clearly repugnant to the express provisions of the repealing statute." State v. Lewis,* 91 R.I. 110, 115, 161 A.2d 209, 212 (1960). (Emphasis added.) Section 43-3-23 is a rule of construction that by its express terms applies to every repeal of any statute for any offense committed. As we have stated, "[i]ts very purpose was to save the necessity of the burdensome formality of attaching an identical saving clause to all repealing legislation." *See Lewis,* 91 R.I. at 115, 161 A.2d at 212 (quoting *Ackerly v. Shepherd,* 202 Iowa 437, 210 N.W. 476, 476 (1926)). As this Court noted in *Lewis* :

> "[A] legislature is presumed to know of prior legislation on the same subject matter. * * * Consequently where a legislature enacts a repealing statute without including therein a specific saving clause, we will presume, where such presumption is not repugnant to the terms of the repealing statute, that the legislature enacted it with the intention that the general saving statute would have application." 91 R.I. at 116, 161 A.2d at 213.

Here the terms of the repealing statute, *see* P.L.1998, ch. 24, § 1, contain no such clear repugnance to the General Assembly's manifest intent to preserve pending prosecutions from being "affected by the repeal." *See* § 43-3-23. Although it is obvious that the General Assembly intended to decriminalize sodomy as of the effective date of the repeal, the Legislature said nothing whatsoever about preserving or quashing pending prosecutions for acts of sodomy committed before the repeal. Indeed, in light of the default provisions of

common sense may be one of the most rare and precious of human attributes. Its existence or nonexistence in a particular context depends to a great extent upon the perception of the beholder. In this case the majority's perception obviously differs from that of the dissent.

**3.** The saving statute, G.L.1956 § 43-3-23, provides in pertinent part as follows:

"No suit, prosecution, or indictment pending at the time of repeal of any statute for any offense committed * * * shall in any case be affected by the repeal, but the suit, prosecution, or indictment may be proceeded with, and the act shall be deemed to be in force for the purpose of prosecuting the act to final judgment and execution or sentence, as the case may be."

the saving statute, it would have been superfluous for the General Assembly to do so unless it intended to quash pending prosecutions for the repealed offense. But having given us no indication of any manifest intent to achieve such a result, such prosecutions are saved by the plain language of § 43-3-23.

Although the brief explanation attached to this repeal is not pellucid, it does provide some insight concerning the Legislature's intention. *See Berberian v. O'Neil,* 111 R.I. 354, 357, 302 A.2d 301, 303 (1973); *Isserlis v. Director of Public Works of Rhode Island,* 111 R.I. 164, 300 A.2d 273 (1973). In two brief sentences, the explanation states that

"1. This act would de-criminalize sodomy between two consenting adults.

"2. This act would take effect upon passage." [4]

In our opinion, these sentences, read together or separately, contain no indication that the "manifest intent" of the General Assembly was to override the general saving statute's preservation of criminal prosecutions that are pending when the underlying criminal statute is repealed. Nor does this explanation somehow indicate that to apply the general saving statute and to preserve the state's pending prosecution of defendant would be "clearly repugnant" to the "express provisions of the repealing statute." *Lewis,* 91 R.I. at 115, 161 A.2d at 212.

The explanation states that the repeal would decriminalize sodomy. But the act says nothing about whether this decriminalization should apply to pending prosecutions. On the contrary, the second sentence states that "the act would take effect upon passage." Thus, if the repealing statute manifests any legislative intent at all, it seems to us that this sentence indicates that the repeal was intended only to have had a prospective application. *See Hydro-Manufacturing, Inc. v. Kayser-Roth Corp.,* 640 A.2d 950, 954-55 (R.I. 1994) (holding that "statutes and their amendments are presumed to apply prospectively" but when "the Legislature [has] expressly stated that the law 'shall take effect upon passage' * * * absent any evidence to support the retroactive application of [the statute], the statute *must* be applied prospectively") (quoting *VanMarter v. Royal Indem. Co.,* 556 A.2d 41, 44 (R.I.1989)). (Emphasis added.) Indeed, "[o]nly when it appears by clear, strong language or by necessary implication that the Legislature intended' a statute to have retroactive application will the courts apply it retrospectively." *Id.* at 954-55. Therefore, absent any "clear, strong language" to support the retroactive application of the repealing statute or any other evidence to indicate that the Legislature intended such a result by necessary implication, we should follow the saving statute and leave pending prosecutions like this one unaffected so that they "may be proceeded with, and the [repealed] act shall be deemed to be in force for the purpose of prosecuting the act to final judgment and execution or sentence, as the case may be." Section 43-3-23.

In *Babbitt,* 457 A.2d at 1055-56, this Court held that a defendant should not be prosecuted for "transporting for indecent purposes' " after the Legislature added the requirement of "for pecuniary gain" to G.L.1956 § 11-34-5, thereby demonstrating its intent to proscribe in this part of the General Laws only those acts that are associated with prostitution. The alleged acts by the defendant in *Babbitt,* however,

---

4. Because the person whom defendant allegedly sodomized was under eighteen at the time when such unlawful acts were allegedly committed, he was not an adult, albeit he was of the age to consent. As a result the charged misconduct did not take place "between two consenting adults." Thus, even if the Legislature had intended to decriminalize sodomy "between two consenting adults" on a retroactive basis—a conclusion that enjoys no support whatsoever in the plain language of the repealing statute—its purpose would not be violated by allowing a pending prosecution to continue when the victim was not a consenting adult but only a consenting juvenile.

were not related to prostitution and thus were not for pecuniary gain, and therefore, it would have been against the General Assembly's manifest intent to continue to prosecute him. *Babbitt*, 457 A.2d at 1055. The *Babbitt* Court, however, construed the amendment as merely a clarification of a preexisting legislative intention to limit prosecutions of the crime in question (transporting for indecent purposes) to prostitution-related offenses—a legislative intention that was already manifest in that portion of the General Laws that described and defined these types of crimes *before* the amendment was enacted. In other words even before the amendment, the defendant in *Babbitt* should not have been prosecuted for the charged offense absent some connection of his alleged wrongdoing to the pecuniary gain associated with prostitution.

This is not the situation we face in this case. Here the Legislature has not acted to clarify what elements are needed to establish a preexisting criminal offense nor to impose additional elements of proof upon a preexisting crime. Rather it has repealed outright, as of an effective date, that portion of a criminal statute that outlawed sodomy. In these circumstances, § 43–3–23 preserves pending prosecutions for acts of sodomy committed before the effective date of the repeal.

The majority also suggests that "[i]t is fundamentally unfair to prosecute an individual for prior conduct that would now not constitute a violation of law. * * * When by virtue of amendment or repeal such conduct is no longer prohibited, prosecution can have no deterrent effect." We respectfully disagree.

First, we do not believe it is unfair to prosecute an individual who has engaged in criminal misconduct that was unlawful at the time the criminal acts were committed. Merely because such acts would not now be deemed unlawful if they had been committed at a different, later time does not mean that it is unfair to prosecute the individual who committed the crimes in question when such conduct was against the law. If the majority truly believes that "[i]t is fundamentally unfair to prosecute an individual for prior conduct that would not now constitute a violation of law," then why is it not also "fundamentally unfair" to keep those who have been convicted of such offenses behind bars after the conduct that led to their convictions has been decriminalized via a later repeal of the underlying criminal statute? Does the majority also subscribe to the belief that the continued incarceration of such individuals "can have no deterrent effect" after the conduct for which they were convicted and incarcerated has been decriminalized? We hope not, but the logic of their reasoning leads to answering such questions in the affirmative.

Second, the fact that the conduct in question is no longer unlawful does not mean that prosecuting the individual who committed the offense "can have no deterrent effect." We believe that would-be lawbreakers are more likely to be deterred from committing crimes in the future if individuals who break the law are prosecuted for their offenses even when the conduct in question is no longer prohibited because of a subsequent repeal of the pertinent criminal statute. Otherwise would-be lawbreakers could be encouraged to believe that they may be able to skate free of their crimes if they are fortunate enough to benefit from a later legislative decriminalization of the offending conduct. Thus the result in this case encourages disrespect for the law as it exists at any given time.

Third, by means of the saving statute, § 43–3–23, the Legislature enacted into law its policy preference that pending prosecutions shall be unaffected by the later decriminalization of the conduct in question absent an expressed and clear legislative intention to the contrary. Accordingly we as judges have no business overriding this legislative policy choice in favor of enforcing a judicial belief that it is "fundamentally unfair to prosecute acts

which are no longer criminal offenses" and that such prosecutions "can have no deterrent effect." The short answer to these sentiments is that the General Assembly decided otherwise when it enacted the saving statute. As a result we are hard pressed to see how a refusal to quash this pending prosecution based on a later repeal of the underlying criminal statute would be either fundamentally unfair to those who broke the law or ineffective in deterring would-be lawbreakers from committing future criminal offenses. Our position is not based on punishment for the sake of punishment, but instead it is based on common sense for the sake of common sense. It boils down to this: the mere fact that the General Assembly has decided to decriminalize certain conduct by repealing a criminal statute does not mean that § 43-3-23 is repugnant to the terms of the repeal, with the result that pending prosecutions should not be allowed to continue. On the contrary, by its terms the saving statute applies to preserve pending prosecutions from the effect of a repeal that decriminalizes certain conduct as of the repeal's effective date—unless and until the Legislature indicates to the contrary by express provisions that override the savings statute or otherwise manifest a *retroactive* effect for the repeal.

Unfortunately, we believe that the effect of the Court's ruling in this case will be to revive the common-law rule extinguishing all pending prosecutions upon repeal of a criminal statute, notwithstanding the absence of any indication in the repealing statute that the Legislature intended to do so. As a result, in the future, every time a criminal statute is repealed as of an effective date and every time the Legislature decriminalizes conduct with no indication of any retroactive effect, this case will be cited for the proposition that the General Assembly thereby intended to override the saving statute and quash all pending prosecutions for the repealed offense. In our judgment, such a result renders nugatory the plain language of § 43-3-23.

For these reasons we believe that § 43-3-23 allows the State to prosecute the defendant for his alleged violations of § 11-10-1, notwithstanding the 1998 repeal of the sodomy statute. Accordingly we would reverse the Superior Court's judgment dismissing this prosecution and remand this case for further proceedings.