STATE

v.

Peter MACHADO.

No. 2007–150–C.A.

Supreme Court of Rhode Island.

April 11, 2008.

Aaron Weismann, Esq., Providence.

Marie Roebuck, Esq., Providence.

### O R D E R

The State of Rhode Island appeals from a determination by the Family Court that, pursuant to G.L. 1956 § 11–9–9, the Family Court lacked jurisdiction to decide the issues in this case. This case came before the Supreme Court for oral argument on March 6, 2008, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the record and memoranda filed by the parties, we are of the opinion that this appeal may be decided at this time without further briefing or argument. For the reasons hereinafter set forth, we affirm the judgment of the Family Court.

The facts in this case are not in dispute. On March 25, 2006, defendant Peter Machado (defendant), slapped his twelve-year-old son John[1] on the ear with the back of his hand when defendant found out that John had been suspended from school. The next day, defendant hit John with a cow strap[2] on the left leg and upper thigh. Additionally, defendant hit John on the head, hand, and left inner thigh. It was not until that Monday, when John went to school, that he told anyone about what his father had done.

On March 27, 2006, John visited the school nurse, Dawn Carter, at his middle school to have his left ear examined. Ms. Carter, a registered nurse practitioner, determined that the ear drum was perforated and noticed that there was dried blood in the left ear. She advised John that he could possibly lose hearing in his left ear. Upon further examination of John, Ms. Carter also noticed a bruise on the upper posterior thigh, approximately eleven centimeters by eleven centimeters, a bruise on the left anterior thigh that was one centimeter wide by ten centimeters long, and a bruise on the back of his right knee that was three centimeters by twenty centimeters. The nurse called the Rhode Island Department of Children, Youth and Families (DCYF); Sandy Petruzzi, a social worker with DCYF, responded to the middle school. Ms. Petruzzi would not allow John or his brother, who also attended the middle school, to return home.

Providence Police Officer Anthony Bettencourt, Sergeant James Tiernan, and Ms. Petruzzi went to defendant's home to question him about John's injuries. The defendant told the officers that he did indeed hit his son, both with his hands and the cow strap. The defendant also acknowledged to Ms. Petruzzi that striking his sons with the cow strap was "his way of punishment" and stated that the cow strap had been "handed down through his family."

That same day, on March 27, 2006, Officer Bettencourt advised defendant that he was under arrest for first-degree child abuse. On March 28, 2006, a felony com-

---

1. John is not the victim's real name.

2. The cow strap is approximately thirty inches long and is attached to a wooden handle.

The strap is about three and one-half inches wide.

plaint was filed and, on that same day, defendant was released on bail. On September 28, 2006, after an investigation, the Office of the Attorney General charged defendant, by criminal information, with second-degree child abuse, pursuant to § 11–9–5.3. The defendant was arraigned on November 6, 2006. Four months later, a Family Court justice dismissed the case, without prejudice, for lack of jurisdiction, pursuant to § 11–9–9. The state timely appealed.

On July 3, 2006, the General Assembly enacted two public laws, P.L. 2006, ch. 260, § 1 and P.L. 2006, ch. 290, § 1. These public laws amended § 11–9–9, which removed jurisdiction of the prosecution of child-abuse offenses from the Family Court to the Superior Court.[3] Section 11–9–9 now provides:

> "Where in §§ 11–9–1 – 11–9–8 any authority is vested in any court, the authority vested in the court or courts mentioned is transferred to the family court. The family court shall have exclusive original jurisdiction over any and all complaints and offenses set forth in §§ 11–9–1 – 11–9–8, 11–9–12, 11–9–14, and 11–9–15, and shall have the authority to impose sentence as set forth in chapter 1 of title 14. Notwithstanding the provisions of this section, *jurisdiction for violations of §§ 11–9–1, 11–9–1.1, 11–9–1.2, 11–9–1.3, 11–9–5.3 shall be vested in the superior court.*" (Emphasis added.)

The issue before this Court is whether the prosecution of this case was pending at the time of the jurisdictional amendment. The defendant argues that the case was not pending in the Family Court. He maintains that the pertinent date is September 28, 2006, the date when defendant was charged by criminal information, and as such, the Superior Court has jurisdiction over this matter. The state, on the other hand, contends that the relevant date is the March offense date, and therefore jurisdiction remains with the Family Court as the case was pending in the Family Court at the time of the jurisdictional amendment.

Since this case was filed, a similar matter with substantially the same legal issues came before this Court. We held, in *State v. Jennings*, 944 A.2d 171, 2008 WL 921603 at *4 (R.I.2008), that pursuant to § 11–9–9's jurisdictional amendment, the Family Court was divested of its jurisdiction over formal charges, by information or indictment, which were brought after the amendment on July 3, 2006. We determined that a case shall remain in the Family Court's jurisdiction only if it was pending at the time of the jurisdictional amendment. *Jennings*, 2008 WL 921603 at *4. Because a felony prosecution commences only after a charge by information, the prosecution of this case was not pending as of the jurisdictional amendment of July 3, 2006, because the state had not filed the information until September 28, 2006, more than three months after the jurisdictional amendment removed jurisdiction to the Superior Court.

Our holding in *Jennings* is dispositive of the matter before this Court and accordingly, the judgment of the Family Court is affirmed. Jurisdiction over this matter shall reside in the Superior Court.

---

**3.** Until 2004, G.L. 1956 § 11–9–9 provided that "The Family Court has exclusive original jurisdiction over any and all complaints and offenses set forth in §§ 11–9–1 – 11–9–8, 11–9–12, 11–9–14, and 11–9–15 * * *."